NO. 07-01-0218-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

MARCH 19, 2002

_____

LARRY FLOYD MILLER, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 46TH DISTRICT COURT OF WILBARGER COUNTY;

NO. 9986; HONORABLE TOM NEELY, JUDGE

_____

Before QUINN and REAVIS and JOHNSON, JJ.

Appellant Larry Floyd Miller, Jr., appeals from his conviction for aggravated assault by threat on a public servant (aggravated assault). He alleges that the jury should have been charged on lesser-included offenses of resisting arrest and misdemeanor deadly conduct (deadly conduct). We affirm.

BACKGROUND

On November 29, 2000, appellant and two other males were in a pickup truck driving around Electra, Texas. Electra policeman Cody Shaw attempted a traffic stop of the pickup because it had only one functioning headlight. The pickup did not stop for the officer, but rather, fled.[1] After a high-speed chase involving multiple law enforcement officers and vehicles with their flashing lights and sirens activated, the pickup containing appellant and his companions eventually came to a stop in a field in Wilbarger County. Appellant and his companions fled on foot to some hay bales in the field, where they were surrounded by officers. Appellant and one of his companions climbed onto a round bale of hay where appellant brandished a handgun. A standoff between the officers, appellant and his companions ensued. Greg Tyra, an investigator for the Wilbarger County District Attorney's office approached appellant on the hay bale, identified himself as a representative of the district attorney's staff, and tried to coax appellant into surrendering. Appellant had been putting his handgun in and out of his pocket, waving it in the direction of the officers, and stating that he was not going back to jail. Three of the officers, including Tyra, testified that as Tyra talked to appellant, appellant told Tyra that "I'll blow your fucking head off." Appellant did not testify or offer any affirmative evidence that he did not make the statements testified to by the officers, although he attempted to impeach their testimony by use of the officers' incident reports.

---

[1]As it turned out, the pickup was stolen.

Appellant eventually fled from his perch on the hay bale. He ran into an adjoining field where the officers disarmed, subdued and arrested him without anyone having been injured, although several shots were fired during the chase and apprehension.

Appellant was indicted because he ". . . did then and there intentionally or knowingly threaten Greg Tyra with imminent bodily injury and did then and there use or exhibit a deadly weapon, to wit: an [sic] firearm, during the commission of said assault and the defendant did then and there know that the said Greg Tyra was then and there a public servant, . . . that the said Greg Tyra was then and there lawfully discharging an official duty, to-wit: trying to detain said defendant." The jury charge contained instructions on both (1) aggravated assault on a public servant as specified by the language of the indictment and (2) aggravated assault. The trial court refused appellant's requested jury charges on resisting arrest and deadly conduct.

The jury convicted appellant of aggravated assault on a public servant. Punishment was tried to the court, and appellant was assessed punishment of 22 years incarceration in the Institutional Division of the Texas Department of Criminal Justice.

Appellant urges two issues on appeal. His issues assert that the trial court erred in refusing to charge the jury on the lesser-included offenses of resisting arrest (issue one) and deadly conduct (issue two).

LAW

Under provisions of TEX. CRIM. PROC. CODE ANN. art. 37.09 (Vernon 1981),[2] an

offense is a lesser-included offense if:

(1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged;

(2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission;

(3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission;  or

(4) it consists of an attempt to commit the offense charged or an otherwise included offense.

Determining whether a charge on a lesser-included offense is warranted presents

a dual inquiry.  The first inquiry is whether the lesser offense is included within the proof

necessary to establish the offense charged.  See Rousseau v. State, 855 S.W.2d 666,

672-73 (Tex.Crim.App. 1993).  If so, the second inquiry is whether there is some record

evidence from which a jury could rationally find that if the defendant is guilty, he is guilty

only of the lesser offense.  Id.  Each definition of a lesser-included offense in CCP art.

37.09 is stated with reference to "the offense charged," and specifically states the manner

in which the lesser-included offense differs from the offense charged.  See Bell v. State,

693 S.W.2d 434, 438 (Tex.Crim.App. 1985).  Thus, in considering appellant's issues, we

must consider the offense as charged by the language of the indictment and compare the

---

[2]Further references to a provision of the Code of Criminal Procedure will be by reference to "CCP art. _."

4

charged offense with the statutory elements of the lesser-included offenses which appellant alleges should have been charged.  Id. at 438, n.8; Sanders v. State, 664 S.W.2d 705, 708 (Tex.Crim.App. 1982) (op. on rehr'g.)

ISSUE ONE: RESISTING ARREST

Appellant's first issue urges that the offense of resisting arrest was a lesser-included offense.  Proof of the offense of resisting arrest requires proof that a person intentionally prevented or obstructed a person he knew to be a peace officer or someone acting in the presence and at the direction of a peace officer from effecting an arrest by using force against the officer or another.  See Tex. Pen. Code Ann. § 38.03(a) (Vernon 1994);[3] see Lewis v. State, 30 S.W.3d 510, 512 (Tex.App.--Amarillo 2000, no pet.).

Proof that a defendant resisted arrest must include proof that the defendant used force against the officer in question.  See id.  The charge against appellant as set out in the indictment did not require proof that appellant used force against Tyra.  The charge against appellant required proof of a threat of imminent bodily injury toward Tyra (assault) and the use or exhibition of a firearm during the commission of the threat.  Proving that appellant resisted arrest would have required additional proof of the actual use of force against Tyra or another officer.  Id.  Thus, resisting arrest was not a lesser-included charge under any subsection of CCP art. 37.09, and the trial court did not commit error in refusing to charge the jury on resisting arrest.  Appellant's first issue is overruled.

---

[3]Further reference to a provision of the Penal Code will be by reference to "PC §_."

ISSUE TWO: DEADLY CONDUCT

Appellant's second issue asserts that the offense of deadly conduct was a lesser-included offense. A person commits the offense of deadly conduct if he recklessly engages in conduct that places another in imminent danger of serious bodily injury. See PC § 22.05. When the offense as charged in the indictment of appellant is compared to the elements of deadly conduct, however, it is apparent that proof of the offense with which appellant was charged did not require proof that appellant engaged in conduct which placed Tyra in imminent danger of serious bodily injury. Appellant's threat to blow Tyra's head off did not require proof that Tyra was placed in imminent danger of serious bodily harm, even if the proof might have been sufficient for a finding that he was in such danger. Nor did proof that appellant exhibited a firearm while making the threat require proof that Tyra was in imminent danger of serious bodily injury.

Appellant relies on the case of Bell v. State in arguing that deadly conduct is a lesser-included offense of aggravated assault. See Bell, 693 S.W.2d at 438-39. However, the facts of appellant's case distinguish it from Bell. In Bell, the Court of Criminal Appeals held that deadly conduct was a lesser-included offense of aggravated assault. Id. In so holding, however, the court specifically stated that whether one offense bears such a relationship to the charged offense so as to constitute a lesser-included offense is an issue which must be determined on a case-by-case basis. Id. at 436. According to the court:

A given section of the Penal Code may define more than one way in which an offense can be committed. An allegation that an offense has been

6

committed in one way may include a lesser offense, while an allegation that the offense was committed in another way would not include the lesser offense.

Id.

In Bell, the indictment alleged that the defendant: ". . . did then and there knowingly and intentionally use a deadly weapon, to wit: a firearm, and did then and there threaten George Smith with imminent bodily injury by the use of said deadly weapon." Id. Comparing the elements of the offense as charged in the indictment to the elements of deadly conduct, the court found that the precise issue is "whether proof of threatening another with imminent bodily injury *by using a deadly weapon* constitutes proof that the actor engaged in conduct that placed another in imminent *danger* of serious bodily injury." Id. at 438 (emphasis in original). The court further stated that:

> Patently, threatening another with imminent bodily injury is engaging in conduct. When that threat is accomplished by the use of a deadly weapon, by definition the victim is "exposed" to the deadly character of the weapon and the inherent risk of serious bodily injury. The *danger* of serious bodily injury is necessarily established when a deadly weapon is *used* in the commission of an offense. It follows, therefore, that proof of threatening another with imminent bodily injury by the use of a deadly weapon constitutes proof of engaging in conduct that places another in imminent danger of serious bodily injury.

Id. at 438-39 (emphasis in original). Thus, the court held that, because in this particular case the statutory elements of deadly conduct would be established by proof of the same facts required to establish the commission of the offense as charged in the indictment, the

offense of deadly conduct was a lesser-included offense of aggravated assault by use of a deadly weapon. Id. at 439.

In appellant's case, however, the indictment reads differently than the language used in the indictment that was central to the Bell court's disposition of that case. Whereas the indictment in Bell charged the defendant in that case with committing the offense of aggravated assault by "using" a deadly weapon, the indictment in appellant's case charged appellant with committing the offense by "using or exhibiting" a deadly weapon. Thus, proving the offense as alleged in the indictment does not require proof that appellant "used" a deadly weapon; proof that appellant "exhibited" a deadly weapon in the commission of the offense would suffice. The difference is dispositive, as it does not necessarily follow that the danger of serious bodily injury is established when a deadly weapon is "exhibited" in the commission of the offense as opposed to being "used." Therefore, under the circumstances of this case, deadly conduct is not a lesser-included offense of aggravated assault as charged because the statutory elements of deadly conduct would not necessarily be established by proof of the same or less than all the facts required to establish the commission of the offense charged. The trial court, therefore, did not commit error in refusing to charge the jury on deadly conduct as a lesser-included charge. Appellant's second issue is overruled.

CONCLUSION

Having overruled both of appellant's issues, we affirm the judgment of the trial court.


Phil Johnson
Justice

Publish.