Willie Frank Campbell v. State















IN THE
TENTH COURT OF APPEALS
 

No. 10-01-233-CR

     WILLIE FRANK CAMPBELL,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the 54th District Court
McLennan County, Texas
Trial Court # 2000-956-C
                                                                                                                
                                                                                                         
DISSENTING OPINION
                                                                                                                

      The majority reverses Willie Campbell’s conviction because the trial court failed to charge
the jury with a lesser-included offense. I disagree with the majority’s determination that resisting
arrest is a lesser-included offense of the offense with which Campbell was charged. 
      To establish that a defendant was entitled to a charge on a lesser-included offense, the
defendant must show that the offense for which a charge is requested (1) is a lesser-included
offense and (2) there was evidence that, if guilty of an offense, he was guilty only of the
lesser-included offense. Cardenas v. State, 30 S.W.3d 384, 392 (Tex. Crim. App. 2000);
Rousseau v. State, 855 S.W.2d 666, 672 (Tex. Crim. App. 1993). An offense is a lesser-included
offense if it is established by proof of the same or less than all the facts required to establish the
commission of the offense charged. Tex. Code Crim. Proc. Ann. art 37.09 (1) (Vernon 1981)
(emphasis added). “Facts required” means the evidence legally required to prove the elements of
the charged offense. Jacob v. State, 892 S.W.2d 905, 908 (Tex. Crim. App. 1995).
      Campbell was charged with aggravated assault in that he intentionally or knowingly threatened
Benjamin Rush, a police officer, with imminent bodily injury and used or exhibited a deadly
weapon. Proof of resisting arrest requires proof that a person intentionally prevented or
obstructed a person he knew to be a peace officer from effecting an arrest by using force against
the officer. See Tex. Pen. Code Ann. § 38.03(a) (Vernon 1994). If the person uses a deadly
weapon, the offense is a third degree felony. Id. at (d).
      In comparing the two offenses, the charge against Campbell, as charged in the indictment,
does not require proof that he used force against Officer Rush. It only required proof that
Campbell threatened Rush with imminent bodily injury. The use of force is not a fact that is the
same or less than the required element of threat with imminent bodily injury. See Miller v. State,
86 S.W.3d 663, 665 (Tex. App.—Amarillo 2002, pet. ref’d). See also Jacob v. State, 892
S.W.2d 905 (Tex. Crim. App. 1995). Thus, resisting arrest is not a lesser-included offense of
aggravated assault of a peace officer by the threat of imminent bodily injury. Campbell’s first
issue should be overruled, and his conviction should be affirmed.
      Because the majority holds otherwise, I respectfully dissent.


                                                                   TOM GRAY
                                                                   Justice

Dissenting opinion issued and filed January 8, 2003
Publish