**Herbert Joseph ISAAC, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–04–00400–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

May 26, 2005.

Jerald Kaplan Graber, Houston, TX, for appellants.

Eric Kugler, Houston, TX, for appellees.

Panel consists of Chief Justice HEDGES and Justices FOWLER and FROST.

## OPINION

WANDA McKEE FOWLER, Justice.

Convicted of aggravated assault, appellant was sentenced to thirty-five years' confinement in the Texas Department of Criminal Justice, Institutional Division, after the jury found two enhancement paragraphs were true. Appellant asserts the trial court erred in the following ways: (1) allowing him to be impeached with remote felony convictions, (2) overruling defense counsel's objection to the State's allegedly improper closing argument, and (3) failing to instruct the jury on the lesser-included offense of deadly conduct. We reverse and remand.

### Factual and Procedural Background

On May 3rd, 2003, appellant went to his father's barber shop. Appellant sometimes worked at the barber shop along with other members of his family, including appellant's stepmother. As appellant's stepmother was leaving the shop and going to her car, appellant approached her. According to the prosecution, after exchang-

ing greetings, appellant pointed a gun at his stepmother's side and forced her towards the barber shop. The prosecution's witnesses also testified that appellant fired shots into the barber shop and struggled with his stepmother's son. Appellant denied pointing the gun at anyone and claimed the gun only discharged when his stepmother's son charged him and grabbed his hand. Police arrived to find appellant on the ground with the gun. Appellant pleaded not guilty to the charge of aggravated assault.

### Appellant's prior convictions

Before the May 3rd barber shop incident, appellant was convicted of four felonies in 1988. Appellant received probation and was released from prison in May of 1993. However, in 1994, appellant's probation was revoked after he was convicted of a misdemeanor offense. Appellant filed a motion in limine regarding his prior convictions. Also, immediately before appellant testified, his attorney objected outside the jury's presence to the State's anticipated use of appellant's prior convictions for impeachment purposes. The trial court overruled appellant's objection and, when appellant testified, the State used appellant's prior convictions to impeach him.

### State's closing argument

After the defense rested, the attorneys gave their closing arguments. During the State's attorney's closing argument, the following occurred:

> State's attorney: What happens if you find him not guilty? He stands up and he walks out that door. And we might as well—

> Defense counsel: Excuse me, Your Honor. I object to that as being an improper plea for law enforcement.

[Defense counsel's objection sustained, jury instructed to disregard, and defense counsel's request for mistrial denied].

> State's attorney: *If you answer not guilty, he goes on about and finishes his business and each one of you might as well pick up a bullet and hand it to him on the way out.*

[defense counsel's objection overruled]

(emphasis added)

### Appellant's requested jury instruction

Before the trial judge read the charge to the jury, appellant requested that a lesser-included offense be included in the charge. Appellant contended, as he does on appeal, that deadly conduct was a lesser-included offense of aggravated assault in the circumstances of his case. The trial judge declined to include an instruction on deadly conduct as a lesser-included offense. The jury found appellant guilty of aggravated assault and also found that two enhancement paragraphs were true. Appellant was sentenced to thirty-five years' imprisonment.

### Analysis

Appellant raises three issues on appeal. In his first issue, appellant asserts the trial court erred by allowing the State's attorney to impeach appellant with his prior felony convictions on the grounds that they were too remote and that the interests of justice did not require their admission.[1] In his second issue, appellant

---

1. We reject the State's assertion that appellant has failed to preserve any error. After the close of the State's case-in-chief and immediately before appellant testified, his attorney objected to the State's anticipated use of appellant's prior convictions to impeach him.

Appellant's attorney made his objection to the trial court outside the presence of the jury and the trial court overruled his objection. This is sufficient to preserve error. *See Geuder v. State,* 115 S.W.3d 11, 13–14 (Tex.Crim. App.2003) (holding that error was preserved

asserts the trial court erred by not sustaining his objection to the State's jury argument, which appellant claims was improper as it suggested appellant would commit future crimes. Finally, in his third issue, appellant asserts the trial court erred by not including an instruction on deadly conduct, which appellant contends is a lesser-included offense of aggravated assault in the circumstances of his case.[2] Because appellant's third issue is dispositive of this appeal, we address it first.

**The trial court improperly denied appellant's request for an instruction on deadly conduct**

■ Appellant contends that, in his case, misdemeanor deadly conduct is a lesser-included offense of aggravated assault and the trial court improperly denied his request for a deadly conduct instruction. We use a two-prong test to determine whether appellant was entitled to an instruction on a lesser-included offense. *Ford v. State*, 38 S.W.3d 836, 841–42 (Tex. App.-Houston [14th Dist.] 2001, pet. ref'd) (citing *Rousseau v. State*, 855 S.W.2d 666, 672–73 (Tex.Crim.App.1993)). First, we compare the two offenses and ask whether the lesser-included offense is included within the proof necessary to establish the charged offense. *Id.* at 842 (citing *Rousseau*, 855 S.W.2d at 672–73); *see also*

*Campbell v. State*, 149 S.W.3d 149, 153 (Tex.Crim.App.2004) (en banc) (requiring appellate courts to analyze the elements of the offense as it was actually charged and the elements of the purported lesser-included offense). If so, in the second step we review the record for some evidence that would permit a jury to rationally find that, if the defendant is guilty, he is only guilty of the lesser-included offense. *Ford*, 38 S.W.3d at 842 (citing *Rousseau*, 855 S.W.2d at 672–73); *see also Campbell*, 149 S.W.3d at 152 (requiring appellate courts to analyze the proof that was actually presented at trial to see if that proof establishes the lesser-included offense).

***Step One: Is deadly conduct a lesser-included offense of aggravated assault in appellant's case?***

■ Deadly conduct is a lesser-included offense of aggravated assault if 1) deadly conduct is established by proof of the same facts, or less than the same facts, than is required to establish appellant committed aggravated assault; 2) deadly conduct differs from aggravated conduct only in the respect that a less serious injury or risk of injury exists; 3) deadly conduct differs from aggravated assault only in the respect that a less culpable mental state is required; or 4) deadly con-

---

and no further objection was necessary when appellant objected to impeachment evidence of prior convictions outside the presence of jury and obtained an adverse ruling from the trial court).

2. The State asserts appellant failed to preserve error because he failed to properly request a deadly conduct instruction. Appellant requested that the trial court include an instruction on deadly conduct in the jury charge and recited the appropriate statutory language along with the facts that purportedly warranted the instruction. The court reporter's transcription of the exchange appears in the record. The trial court denied appellant's

request. We again conclude appellant sufficiently preserved his complaint on appeal. *See Ford v. State*, 38 S.W.3d 836, 841 (Tex. App.-Houston [14th Dist.] 2001, pet. ref'd) (stating that alleged error in refusing to include lesser-included offense was preserved when appellant's request was "sufficient to call the trial court's attention to the omission in the court's charge") (citing *Chapman v. State*, 921 S.W.2d 694, 695 (Tex.Crim.App. 1996)) (also stating that the failure of the trial court to include the requested charge, when properly requested, preserves the issue for appeal) (citing Tex.Code Crim. Proc. art. 36.14; Tex.Code Crim. Proc. art. 36.15).

duct consists of an attempt to commit aggravated assault or an otherwise included offense. *See Ortiz v. State*, 144 S.W.3d 225, 231–32 (Tex.App.-Houston [14th Dist.] 2004, pet. ref'd) (en banc) (citing TEX.CODE CRIM. PROC. art. 37.09). Appellant contends misdemeanor deadly conduct is a lesser-included offense of aggravated assault in his case because deadly conduct differs from aggravated assault only in the respect that a less culpable mental state— reckless rather than intentional or knowing—is required. *See Ortiz*, 144 S.W.3d at 232 (citing TEX.CODE CRIM. PROC. art. 37.09).

We first determine the elements of the offense as charged. *Campbell*, 149 S.W.3d at 153. Appellant's indictment charged that he "unlawfully intentionally and knowingly threaten[ed] Carl Isaac with imminent bodily injury by using and exhibiting a deadly weapon, namely a firearm." Therefore, appellant was charged with aggravated assault by use of a deadly weapon under Texas Penal Code section 22.02(a)(2). TEX. PENAL CODE § 22.02(a)(2).

We next look at the elements of deadly conduct, which appellant contends is a lesser-included offense. *Campbell*, 149 S.W.3d at 153. The penal code provides that a person commits the offense of deadly conduct if he "recklessly engages in conduct that places another in imminent danger of serious bodily injury." TEX. PENAL CODE § 22.05(a).[3] Recklessness and danger are presumed when the actor "knowingly point[s] a firearm at or in the direction of another...." TEX. PENAL CODE § 22.05(c).

We are bound, in this case, by the Texas Court of Criminal Appeals's decision in *Bell v. State*, 693 S.W.2d 434 (Tex.Crim. App.1985) (en banc). In *Bell*, the Court

was confronted with the same issue, namely, whether the State established reckless conduct under article 22.05(a) "by proof of the same or less than all of the facts required to establish the offense charged, aggravated assault by the use of a deadly weapon." *Id.* at 438. The Court recognized that proof of intent or knowledge— higher culpable mental states—necessarily established the lower culpable mental state of recklessness. *Id.* (citing TEX. PENAL CODE § 6.02(e); *Briceno v. State*, 580 S.W.2d 842 (Tex.Crim.App.1979)). The Court then turned to the question of "whether proof of threatening another with imminent bodily injury *by using a deadly weapon* [as appellant's indictment charged] constitutes proof that the actor engaged in conduct that placed another in imminent *danger* of serious bodily injury." *Id.* The Court concluded that "proof of threatening another with imminent bodily injury by the use of a deadly weapon [as appellant's indictment charged] constitutes proof of engaging in conduct that places another in imminent danger of serious bodily injury [that is, misdemeanor deadly conduct]." *Id.* at 438–39.

Bound by the decision in *Bell*, we conclude that misdemeanor deadly conduct, as defined by article 22.05(a) of the Texas Penal Code, is a lesser-included offense of aggravated assault by use of a deadly weapon as charged in appellant's indictment. *See Bell*, 693 S.W.2d at 438–39; *see also Ford*, 38 S.W.3d at 836 (holding deadly conduct was a lesser-included offense of aggravated assault). Appellant has satisfied the first prong of the test. *See Campbell*, 149 S.W.3d at 152 (stating first prong of *Rousseau/Royster* test is satisfied if lesser-included offense is within the proof

---

**3.** Appellant concedes that under the facts of his case, felony deadly conduct under § 22.05(b) *is not a lesser-included offense of aggravated assault. See* TEX. PENAL CODE

§ 22.05(b), (e) (providing that deadly conduct by knowingly discharging a firearm in certain circumstances is a felony offense).

necessary to establish the charged offense) (citing *Rousseau,* 855 S.W.2d at 672–73); *see also Bell,* 693 S.W.2d at 438–39 (holding deadly conduct was a lesser-included offense of aggravated assault by use of a deadly weapon as charged).

### Step Two: Could the jury rationally find appellant was guilty only of deadly conduct?

■■■ Having determined that misdemeanor deadly conduct is a lesser-included offense of aggravated assault, as charged in appellant's case, we now decide whether the proof actually presented at trial to establish aggravated assault by the use of a deadly weapon established the lesser-included offense of deadly conduct. *See Campbell,* 149 S.W.3d at 153 (citations omitted). In other words, the second prong of the test requires us to ask: Is there some evidence in the record that would permit a jury "to rationally find that if appellant is guilty, he is guilty *only* of the lesser offense[?]" *Campbell,* 149 S.W.3d at 152 (citing *Rousseau,* 855 S.W.2d at 672–73; *Royster v. State,* 622 S.W.2d 442, 446 (Tex.Crim.App. [Panel Op.] 1981)). The evidence can come from any source, and a defendant's testimony alone is sufficient to raise the issue. *Bell,* 693 S.W.2d at 442. In our review of the entire record, we cannot consider "whether the evidence is credible, controverted, or in conflict with other evidence." *Hall v. State,* 158 S.W.3d 470, 473 (Tex.Crim.App. 2005); *see Hayward v. State,* 158 S.W.3d 476, 479–80 (Tex.Crim.App.2005) (considering appellant's testimony that she merely wrestled with the victim and hit him with her fists before another person stabbed him before holding simple assault was not

a lesser-included offense of murder by stabbing, as charged in the indictment).

At appellant's trial, appellant did not deny that he went to his father's barber shop with a gun. But, according to appellant, he only intended to scare his family and then to kill himself in front of his father. Appellant also testified that he held the gun at his side and never pointed it at his stepmother or her son, his stepbrother.[4] According to appellant, the gun went off only after his stepbrother tackled him and grabbed appellant's hand. Appellant specifically stated that, although he acted foolishly in going to the shop with a gun, he never intended to hurt anyone except himself. We conclude that appellant's testimony provided some evidence from which a jury could rationally find that, although appellant never intended to threaten his family with imminent bodily injury (a necessary element of aggravated assault), he did recklessly engage in conduct that placed his family in danger of serious bodily injury (as required to prove deadly conduct). Thus, the second prong of the test is also satisfied. *See Bell,* 693 S.W.2d at 443 ("Thus, by selectively believing some of the . . . evidence adduced at trial and rejecting other . . . evidence, the jury could have concluded that appellant was not acting with intent to threaten imminent bodily injury, but was nonetheless pointing the gun . . . [and] creating a risk that another would be placed in imminent danger of serious bodily injury."). Appellant was entitled to have the jury instructed on the lesser-included offense of deadly conduct and the trial court erred in refusing his request that the court do so.

---

4. Appellant later testified that he did raise the gun up when his step-brother charged towards him. However, the jury may have discredited this testimony or may have believed that it only established appellant acted reck-

lessly rather than intentionally and knowingly. *See Bell,* 693 S.W.2d at 442 ("The jury, as the trier of fact, may accept or reject all or a part of a [witness's] testimony, even the defendant's.").

*The trial court's error requires reversal*

■ Because we have concluded that appellant requested an instruction on deadly conduct and the trial court erred in denying his request, we must now determine whether this error was harmless. *See Ortiz,* 144 S.W.3d at 232 ("When a defendant properly requests a jury instruction, and such instruction is erroneously denied by the trial court, the error 'will call for reversal as long as the error is not harmless.' ") (citing *Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App.1984)); *see also Hampton v. State,* 109 S.W.3d 437, 441–42 (Tex.Crim.App.2003) (en banc) (remanding for harm analysis under *Almanza* when instruction on lesser-included offense was submitted improperly); *Saunders v. State,* 840 S.W.2d 390, 393 (Tex.Crim.App. 1992) (en banc) (remanding for harm analysis under *Almanza* when instruction on lesser-included offense was omitted improperly). By satisfying the second prong of the *Rousseau/Royster* test, appellant has demonstrated the error was not harmless. *See Ortiz,* 144 S.W.3d at 232 ("The second prong of the test demonstrates the existence or non-existence of prejudice to the appellant if his request for a lesser-included offense charge is denied."). Because there was some evidence presented that would have permitted the jury to rationally find appellant guilty of only the lesser-included offense, deadly conduct, appellant was harmed by the omission of this instruction from the charge. *See id.* Accordingly, we reverse appellant's conviction and remand his case for a new trial.