



## MEMORANDUM OPINION

No. 04-10-00870-CR

Josephus **DUNCAN**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 227th Judicial District Court, Bexar County, Texas
Trial Court No. 2009CR0316
Honorable Philip A. Kazen, Jr., Judge Presiding

Opinion by: Sandee Bryan Marion, Justice

Sitting: Karen Angelini, Justice
Sandee Bryan Marion, Justice
Steven C. Hilbig, Justice

Delivered and Filed: September 7, 2011

AFFIRMED

A jury convicted appellant, Josephus Duncan, of aggravated assault with a deadly

weapon (repeater) and assessed punishment at confinement for twenty-five years. We affirm.

### BACKGROUND

On July 21, 2008, appellant called the complainant, a woman with whom he had an on-

and-off romantic relationship, and asked her to drive to his grandmother's house to visit him.

When the complainant arrived, appellant got into her vehicle and the two began driving around

and arguing. During the argument, appellant pulled out a handgun and shot the complainant in the face. The bullet lodged in the complainant's cheek. The complainant testified that after appellant shot her, he continued cursing at her and threatening to kill her. In an attempt to get away from appellant, the complainant purposely drove into a pole, which caused the vehicle to flip over. Both appellant and the complainant crawled out of the flipped vehicle, and the complainant ran to a nearby home and asked the home's occupants to call the police. An ambulance arrived and took the complainant to the hospital. Appellant was arrested.

A grand jury indicted appellant for aggravated assault with a deadly weapon. At trial, appellant was the only witness to testify for the defense. Appellant testified, in part, as follows:

Q: [by defense counsel] At some point in time, was the gun fired?

A: [by appellant] Yes, sir.

Q: And did you intend to fire the gun?

A: No, sir.

Q: How did that happen then?

A: I don't know. I just turned it and just shot her.

Q: Is there any reason for that?

A: I don't know. I felt like—I don't know. I felt like—I felt like I didn't have no control over nothing that I did. I just did it.

Q: Did you display the gun recklessly?

A: No. No. I just pulled it out of the shirt.

…

Q. You're charged by indictment with intentionally, knowingly and recklessly causing bodily injury to [the complainant]. Did you do that?

A. Not knowingly, I didn't.

Q. Did you intentionally do it?

A. No, sir.

Q. Did you recklessly do it?

A. I don't know what that would be claimed. I don't know what that would be called, recklessly.

Appellant repeated several times in his testimony that he did not intend to shoot the complainant.

After resting its case, the defense requested an instruction on the lesser included offense of deadly conduct. The trial court denied the defense's request and instructed the jury only on the charge of aggravated assault with a deadly weapon.

## DISCUSSION

In his sole issue on appeal, appellant argues the trial court erred in denying his request for an instruction on the lesser included offense of deadly conduct.

We apply a two-pronged test to determine whether a defendant is entitled to an instruction on a lesser included offense. *Campbell v. State*, 149 S.W.3d 149, 152 (Tex. Crim. App. 2004); *Blissit v. State*, 185 S.W.3d 51, 53 (Tex. App.—San Antonio 2005, pet. ref'd). First, we must determine whether the lesser offense is included within the proof necessary to establish the charged offense. *Campbell*, 149 S.W.3d at 152; *Blissit*, 185 S.W.3d at 53. If it is, we must next determine whether some evidence exists in the record that would permit a rational jury to find the defendant guilty *only* of the lesser offense. *Campbell*, 149 S.W.3d at 152; *Blissit*, 185 S.W.3d at 53. We do not consider whether the evidence is credible, controverted, or in conflict with any other evidence. *Hall v. State*, 158 S.W.3d 470, 473 (Tex. Crim. App. 2005). The evidence can come from any source, and a defendant's testimony alone may be sufficient. *Bell v. State*, 693 S.W.2d 434, 442 (Tex. Crim. App. 1985). However, a defendant's statement that he did not intend to commit the greater offense alone does not necessarily require an instruction on

the lesser offense. *Guzman v. State*, No. 04-03-00548-CR, 2004 WL 2168626, at *1 (Tex. App.—San Antonio 2004) (mem. op., not designated for publication), *aff'd*, 188 S.W.3d 185 (Tex. Crim. App. 2006); *Ramirez v. State*, 976 S.W.2d 219, 227 (Tex. App.—El Paso 1998, pet. ref'd); *Johnson v. State*, 915 S.W.2d 653, 659 (Tex. App.—Houston [14th Dist.] 1996, writ ref'd).

Here, the indictment charged appellant with aggravated assault with a deadly weapon: "[Appellant] did use and exhibit a deadly weapon, NAMELY: A FIREARM, and [appellant] did intentionally, knowingly and recklessly CAUSE BODILY INJURY to [the complainant] by SHOOTING THE COMPLAINANT WITH SAID DEADLY WEAPON." *See* TEX. PENAL CODE ANN. § 22.01 (West 2011) (defining "Assault"). Appellant requested an instruction on "Deadly Conduct," which the Texas Penal Code defines as:

> (a) A person commits an offense if he recklessly engages in conduct that places another in imminent danger of serious bodily injury.
>
> (b) A person commits an offense if he knowingly discharges a firearm at or in the direction of:
>
>   (1) one or more individuals; or
>
>   (2) a habitation, building, or vehicle and is reckless as to whether the habitation, building, or vehicle is occupied.

*Id.* § 22.05(a), (b). A person acts recklessly "with respect to circumstances surrounding his conduct of the result of his conduct when he is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur." *Id.* § 6.03(c).

We turn first to whether deadly conduct is a lesser included offense of aggravated assault with a deadly weapon. Here, the State does not dispute that deadly conduct is a lesser included offense in this case. Also, this court and others have previously held that deadly conduct typically is included within the proof necessary to establish aggravated assault with a deadly

weapon. *E.g.*, *Bell*, 693 S.W.2d at 439 (holding "reckless conduct"—statutory predecessor of deadly conduct—may be a lesser included offense of aggravated assault with a deadly weapon); *Blissit*, 185 S.W.3d at 55 (holding deadly conduct may be a lesser included offense of aggravated assault). Therefore, as to the first prong of our review, we conclude deadly conduct is a lesser included offense of aggravated assault with a deadly weapon as charged in the indictment.

Next, we must determine whether there is any evidence in the record that would permit the jury to find appellant guilty only of deadly conduct. Appellant argues his testimony that he did not intend to shoot the complainant is sufficient to meet the second prong of our review because it negates the mens rea required to commit aggravated assault. However, appellant's testimony that he did not intend to shoot the complainant "cannot be examined in a vacuum and alone does not necessarily require an instruction on deadly conduct as a lesser included offense." *Guzman*, 2004 WL 2168626, at *1. To be "reckless," appellant would have to be aware that his conduct created a substantial and unjustifiable risk, and he would have to consciously disregard that risk. TEX. PENAL CODE ANN. § 6.03(c). Because there is no evidence in the record that appellant was either aware of the risk or consciously disregarded it, there is no evidence to support a finding that discharge of the gun was a merely reckless act on appellant's part. Also, appellant could not be guilty of deadly conduct under the second prong of the statutory definition by "knowingly discharg[ing] a firearm at or in the direction of" the complainant because appellant testified he did not knowingly shoot the complainant. *See id.* § 22.05(b). Therefore, there is no evidence in the record that would permit a rational jury to find appellant guilty *only* of deadly conduct.

**CONCLUSION**

We overrule appellant's issue on appeal and affirm the trial court's judgment.

Sandee Bryan Marion, Justice

Do not publish