

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00176-CR

Steve **MENDIOLA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 187th Judicial District Court, Bexar County, Texas
Trial Court No. 2016CR0624
Honorable Steve Hilbig, Judge Presiding

Opinion by:     Beth Watkins, Justice

Sitting:        Rebeca C. Martinez, Justice
                Irene Rios, Justice
                Beth Watkins, Justice

Delivered and Filed: March 13, 2019

AFFIRMED AS REFORMED

A jury convicted Steve Mendiola of the offenses of felon in possession of a firearm and aggravated assault with a deadly weapon. On appeal, Mendiola contends: (1) the trial court erred in denying his request to include a lesser included offense in the jury charge; (2) the evidence is insufficient to prove his prior conviction to establish he was a "felon" in possession of a firearm; (3) the prosecutor engaged in improper jury argument during the punishment phase of trial; and (4) the judgments for each offense should be reformed to reflect he pled not true to the enhancement allegation. We reform the judgments to reflect Mendiola pled not true to the enhancement allegation and affirm the trial court's judgments as reformed.

BACKGROUND

In a four-count indictment, Mendiola was charged with one count of felon in possession of a firearm and three counts of aggravated assault with a deadly weapon. Each of the three counts of aggravated assault involved a different complainant: (1) Sandy Givens, the only complainant who testified at trial; (2) Jesse Peck, Givens's boyfriend at the time of the offense; and (3) Rosa Casas.

Sandy Givens testified she was at Peck's house on Potomac Street for a Father's Day barbeque when she saw Mendiola in a neighbor's yard. The neighbor was a pastor who operated a church out of his home. While the pastor and Mendiola were talking, Peck and his sister approached, and the four started arguing. Eventually, the pastor calmed everyone down, and Mendiola left. Approximately twenty minutes later, Mendiola walked by while Peck was talking to his brother-in-law and another neighbor. Givens heard Peck tell Mendiola "Happy Father's Day" which led to another argument. After Mendiola walked away, Givens went inside Peck's home. Approximately ten or fifteen minutes later, Givens heard Peck yelling for everyone to get inside. Givens walked outside on the porch and ushered Peck's son into the house. While standing on the porch, Givens saw Mendiola point a long gun at her and Peck. Givens testified Mendiola kept the gun pointed at them for twenty or thirty seconds. Givens further testified she thought Mendiola was going to shoot her until another man ran up, grabbed Mendiola, and the two men left.

Numerous officers who responded to 911 calls or who were involved in the subsequent investigation testified. Detective Harry Clark testified he saw Mendiola with the rifle up against his shoulder looking down its sight at a group of people on St. James Street which is a street adjacent to Potomac Street where Casas lived. Officer Joseph Sayles and Detective Clark followed Mendiola and arrested him a short time later. Although Mendiola was not in possession of the

rifle when he was arrested, another officer located the rifle in a nearby field. Testimony established the bolt handle on the rifle was broken off; however, a forensic firearms expert testified the rifle was capable of firing.

Approximately ten days after his arrest, Mendiola went to the police station to file a complaint against Officer Sayles regarding his arrest. In the written statement he gave to internal affairs describing the events preceding his arrest, Mendiola stated he went inside his house and "got [his] rifle to show to make [the people up the street] leave [him] alone." Mendiola further stated he "walked down the street and pointed the rifle at [the people] to show them [he] meant business."

After hearing all of the evidence, which included testimony by a fingerprint examiner regarding Mendiola's prior conviction for endangering a child, the jury found Mendiola guilty of the offenses of felon in possession of a firearm and aggravated assault of Givens. The jury found Mendiola not guilty of aggravated assault of Casas. The jury could not reach a verdict with regard to the charge of aggravated assault of Peck; therefore, the trial court declared a mistrial as to that offense. After the punishment phase of trial, the jury found the enhancement allegation true and assessed punishment at five years' imprisonment for the felon in possession of a firearm offense and twenty years' imprisonment for the aggravated assault offense. The trial court entered judgments for each of the two offenses in accordance with the jury's verdicts. Mendiola appeals.

## LESSER INCLUDED OFFENSE

In his first issue, Mendiola contends the trial court erred in denying his request to include the lesser included offense of deadly conduct in the jury charge for the aggravated assault offense. The State asserts Mendiola was not entitled to the lesser charge because no evidence would allow a rational jury to find Mendiola acted only recklessly.

Appellate courts apply a two-prong test to determine whether a defendant was entitled to a charge on a lesser-included offense. *Hall v. State*, 225 S.W.3d 524, 535-36 (Tex. Crim. App. 2007); *Munoz v. State*, 533 S.W.3d 448, 453 (Tex. App.—San Antonio 2017, pet. ref'd). "First, we compare the elements and the facts of the offense alleged in the indictment with the elements of the potential lesser-included offense to determine whether the lesser-included offense is included within the proof necessary to establish the charged offense." *Munoz*, 533 S.W.3d at 453 (citing *Hall*, 225 S.W.3d 531, 535). "This question is a matter of law, and is not dependent on the evidence to be produced at trial." *Id*. (citing *Hall*, 225 S.W.3d at 535). "The second step of the analysis requires us to determine whether there is some evidence in the record that would permit a rational jury to find that, if the defendant is guilty, he is guilty only of the lesser-included offense." *Id*. (citing *Hall*, 225 S.W.3d at 536). "The evidence must establish the lesser-included offense as a valid, rational alternative to the charged offense." *Id*. (internal quotation omitted).

The aggravated assault count of the indictment charged Mendiola with intentionally or knowingly threatening Givens with imminent bodily injury by using or exhibiting a deadly weapon. TEX. PENAL CODE ANN. § 22.02(a)(2). A person commits the offense of deadly conduct when he "recklessly engages in conduct that places another in imminent danger of serious bodily injury." *Id*. § 22.05(a). Given the manner in which Mendiola was charged, the first prong of the *Hall* test is satisfied because deadly conduct is a lesser included offense of aggravated assault when the assault is based on the threat of imminent bodily injury. *See Bell v. State*, 693 S.W.2d 434, 439 (Tex. Crim. App. 1985); *Blissit v. State*, 185 S.W.3d 51, 53-55 (Tex. App.—San Antonio 2005, pet. ref'd).

Mendiola's entitlement to the lesser included offense instruction, therefore, depends on whether "there is some evidence in the record that would permit a rational jury to find that, if [Mendiola] is guilty, he is guilty only of the lesser-included offense." *Munoz*, 533 S.W.3d at 453.

Under the facts in this case, the evidence must be such that the jury could find Mendiola acted only recklessly and not intentionally or knowingly.

A person acts intentionally when "it is his conscious objective or desire to engage in the conduct." TEX. PENAL CODE ANN. § 6.03(a). In this case, the evidence would not permit a rational jury to find Mendiola acted only recklessly because his written statement to internal affairs establishes that he intentionally pointed the rifle at the people "to show them [he] meant business." In addition, Givens testified Mendiola pointed the rifle at her for twenty to thirty seconds. Accordingly, the trial court did not err in denying Mendiola's request to include the lesser included offense of deadly conduct in the jury charge. Mendiola's first issue is overruled.

### SUFFICIENCY OF THE EVIDENCE: PRIOR CONVICTION

In his second issue, Mendiola challenges the sufficiency of the evidence to prove his prior conviction of endangering a child which was necessary to prove he was a "felon" in possession of a firearm.

To establish a defendant has been convicted of a prior offense, the State must prove beyond a reasonable doubt that (1) a prior conviction exists, and (2) the defendant is linked to that conviction. *Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007). Proving these two elements does not require a specific document or mode of proof. *Id*. Any type of evidence, documentary or testimonial, might suffice to prove this connection. *Id*. at 921-22. As the Texas Court of Criminal Appeals has explained, the proof that is adduced to establish this connection resembles a jigsaw puzzle—the trier of fact fits the pieces together, weighs the credibility of each piece, and determines if the pieces fit together sufficiently to complete the puzzle. *Id*. at 923 In other words, "[t]he trier of fact looks at the totality of the evidence admitted to determine 1) whether there was a previous conviction, and 2) whether the defendant was the person convicted."

*Id*. "If these two elements can be found beyond a reasonable doubt, then the various pieces used to complete the puzzle are necessarily legally sufficient to prove a prior conviction." *Id*.

In this case, a fingerprint expert testified regarding the drop card relating to the arrest of "Steve Mendiola" for the offense of endangering a child in 2012 and the drop card relating to Mendiola's arrest for felon in possession of a firearm. The expert explained a drop card is a computerized sheet compiled at the time of a defendant's arrest which contains the defendant's information and fingerprints. The expert testified the 2012 drop card contained the name "Steve Mendiola" who was charged with endangering a child. The 2012 drop card also contained a SID number, a date of birth, and a social security number. The expert matched the information on the drop card to an indictment and a judgment of conviction. The expert further testified the drop card for Mendiola's arrest for felon in possession of a firearm contained the same SID number, date of birth, and social security number as the 2012 drop card. Finally, Mendiola's mother testified Mendiola was previously convicted of endangering a child. Based on the testimony of Mendiola's mother and the identical personal descriptors shown on the drop cards, we hold the evidence is legally sufficient to prove: (1) that a prior conviction for endangering a child existed; and (2) Mendiola was the person convicted. Mendiola's second issue is overruled.

### CLOSING ARGUMENT

In his third and fourth issues, Mendiola contends the prosecutor engaged in impermissible jury argument.

In order to preserve a complaint regarding impermissible jury argument for appellate review, the appellant must object at trial and pursue his objection to an adverse ruling. *Mathis v. State*, 67 S.W.3d 918, 926-27 (Tex. Crim. App. 2002). "A defendant forfeits his right to complain on appeal about an improper jury argument if he fails to object to the argument or fails to pursue his objection to an adverse ruling." *Orcasitas v. State*, 511 S.W.3d 213, 220 (Tex. App.—San

Antonio 2015, no pet.). In his fourth issue, Mendiola complains of the following argument by the prosecutor:

> Choose a punishment for him not being here[1]...because a man like him with those offenses, with those arrests, he's somewhere out there running around, and we know where he is. He's a man you guys have said is guilty of pointing a gun in someone's face is out there…[.]

No objection was made to the foregoing argument; therefore, Mendiola failed to preserve his fourth issue for our review.

We review a trial court's ruling on an objection to jury argument under an abuse of discretion standard. *Davis v. State*, 329 S.W.3d 798, 825 (Tex. Crim. App. 2010). "Appropriate jury argument generally falls within only four areas: (1) summation of the evidence; (2) reasonable deductions from the evidence; (3) answer to argument of opposing counsel; and (4) a plea for law enforcement." *Ex parte Scott*, 541 S.W.3d 104, 119 (Tex. Crim. App. 2017). "Even when an argument exceeds the permissible bounds of these approved areas, such will not constitute reversible error unless, in light of the record as a whole, the argument is extreme or manifestly improper, violative of a mandatory statute, or injects new facts harmful to the accused into the trial proceeding." *Wesbrook v. State*, 29 S.W.3d 103, 115 (Tex. Crim. App. 2000). "The remarks must have been a willful and calculated effort on the part of the State to deprive appellant of a fair and impartial trial." *Id*.

In his third issue, Mendiola contends the prosecutor engaged in impermissible jury argument by asking the jury to "assess additional punishment for Rosas Casas" which was an offense for which the jury acquitted him. During the punishment phase of trial, evidence was introduced regarding Mendiola's multiple prior arrests and convictions. In the context of summarizing those offenses, the prosecutor made the following argument:

---

[1] We note Mendiola did not return after the first day of trial.

[Prosecutor]: The Defense wants you to think that because they were dismissed, they didn't happen. All we're saying is he was arrested for it. And you guys know in this case where there's smoke, there's fire.

His convictions, things that he was found guilty of doing: Robbery, protective order violation, unlawful restraint, twice assault, and endangering a child. If you go with what's on there, you're over 20 years. The people he's hurt: Jennifer Mata, Sherry Castillo, and the three victims in this case: Rosa, Jesse, and Sandy.

[Defense counsel]: Objection, Your Honor. You can't ask them to punish him for cases he was found not guilty of.

THE COURT: Overruled.

Assuming without deciding that the argument was improper, the overruling of the objection would not have resulted in reversible error because the argument was not extreme or manifestly improper and did not inject new harmful facts into the trial proceeding. *Wesbrook*, 29 S.W.3d at 115. Accordingly, Mendiola's third issue is overruled.

### REFORMATION OF JUDGMENTS

In his final issue, Mendiola asserts the judgments must be reformed to reflect he pled not true to the enhancement paragraph. The State agrees. The appellate record clearly reflects the trial court entered a "not true" plea to the enhancement paragraph on Mendiola's behalf because he was not present at trial. Accordingly, we reform the judgments to reflect Mendiola pled "not true" to the enhancement paragraph.

### CONCLUSION

We reform the trial court's judgments to reflect Mendiola pled "not true" to the enhancement paragraph, and we affirm the judgments as reformed.

Beth Watkins, Justice

DO NOT PUBLISH