Guadalupe BRICENO, Appellant,

v.

The STATE of Texas, Appellee.

No. 57219.

Court of Criminal Appeals of Texas,
Panel No. 3.

May 16, 1979.

Patrick A. Abeyta, Lubbock, for appellant.

Alton R. Griffin, Dist. Atty., and J. David Nelson, Asst. Dist. Atty., Lubbock, Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS and TOM G. DAVIS, JJ.

## OPINION

TOM G. DAVIS, Judge.

Appeal is taken from a conviction for indecency with a child. V.T.C.A. Penal Code, Sec. 21.11(a)(2). Punishment was assessed at four years.

Appellant's sole contention is that the trial court erred in failing to instruct the jury on the lesser included offense of indecent exposure, V.T.C.A. Penal Code, Sec. 21.08.

■ The record reflects that after counsel for the State and appellant had been handed copies of the court's charge and asked if they had "questions or remarks or statements regarding the charge," appellant's counsel dictated his objection regarding the court's failure to charge on the lesser included offense of indecent exposure. The objection was subsequently included in the transcription of the court reporter's notes filed with the clerk and approved by the trial judge without any objection to the record. Under this Court's recent holding in Dirck v. State, 579 S.W.2d 198 (1979), this constituted compliance with the 1975 amendment to Art. 36.14, V.A.C. C.P., and thereby preserves such contention for our review.

Appellant's contention requires a resolution of two issues: (1) Is indecent exposure a lesser included offense of indecency with a child? (2) If so, does the evidence in the instant case raise the issue of indecent exposure?

Looking first to the evidence, the record reflects that a 14 and a 15 year old girl testified that an automobile had stopped in front of them in which they could see appellant "playing with his penis." One of the girls testified that he had circled two or three times before stopping in front of them. While it appears from the record that a diagram was used during trial to reflect the relative location of appellant and the girls, such diagram is not in the record before us. The girls related that appellant remained stopped for approximately two minutes during which time he looked toward them. Both girls stated that appellant never beckoned or motioned to them. It appears that the girls viewed appellant through the passenger window of his vehicle.

The appellant testified that he had just given his daughter a ride to school and was going to a filling station at the time of the incident. He admitted to have been masturbating in his car during the time in question, but consistently denied having any knowledge of the girls' presence or that he knowingly exposed himself to anyone.

The elements of indecency with a child pertinent in this case under Sec. 21.11(a)(2) are:

1. A person
2. exposes any part of his genitals [1]
3. knowing a child is present
4. who is not his spouse and younger than 17 years
5. with the intent to arouse or gratify the sexual desire of any person.

The requisite elements of indecent exposure relevant here under Sec. 21.08(a), are:

1. A person
2. exposes any part of his genitals
3. with the intent to arouse or gratify the sexual desire of any person
4. and is reckless about whether another person is present who will be offended or alarmed by his act.

---

1. In Clark v. State, Tex.Cr.App., 558 S.W.2d 887, this Court held that no culpable mental state was necessary for this element.

In *Bowles v. State,* Tex.Cr.App., 550 S.W.2d 84, in an appeal from a conviction for indecency with a child, it was urged that the trial court erred in refusing to charge on the lesser included offenses of indecent exposure and disorderly conduct. In rejecting this contention, this Court stated:

"There is no testimony that appellant was reckless about the presence of another; the only testimony on the subject established that he intentionally exposed himself to complainant after calling her to 'Look here.' The court did not err in refusing to charge on the lesser included offenses of indecent exposure and disorderly conduct."

While it may be urged that the court recognized that indecent exposure was a lesser included offense of indecency with a child by virtue of the quoted language from *Bowles,* we cannot rely on such an assumption in that case as being a definitive holding on the issue.

■ The elements of these two offenses are identical except that indecency with a child requires the defendant to *know* that a *child* is present, where indecent exposure requires that the defendant is *reckless* as to the presence of another *person.* Proof of this higher degree of culpability, knowing, is proof of the lower culpable mental state, reckless. V.T.C.A. Penal Code, Sec. 6.02(3). Proof that a child is present necessarily would be proof of the presence of a person. Thus, indecency with a child requires, in addition to proving all the elements of indecent exposure, a showing of the higher culpable mental state and that the person is a child.

■ Article 37.09(1), V.A.C.C.P., provides that "An offense is a lesser included offense if: it is established by proof of the same or less than all the facts required to establish the commission of the offense charged." Thus, the offense of indecent exposure under Sec. 21.08, supra, is a lesser included offense of indecency with a child, Sec. 21.11, supra.

■ A charge on a lesser included offense does not have to be submitted to the jury unless there is evidence raising the issue of whether the defendant could be guilty of only the lesser offense. *Day v. State,* Tex.Cr.App., 532 S.W.2d 302; *Clark v. State,* Tex.Cr.App., 527 S.W.2d 292.. In *Bowles v. State,* supra, there was no evidence that the defendant was reckless about the presence of another since it was undisputed that he intentionally exposed himself. There the trial court's refusal to charge on the lesser included offense of indecent exposure was held to be proper. 550 S.W.2d at 86.

■ A defendant's testimony alone is sufficient to raise an issue in regard to submission of a charge on a lesser included offense. *Day v. State,* supra; *McKenzie v. State,* Tex.Cr.App., 521 S.W.2d 637. Thus, if the appellant's testimony that he did not know that the girls were present raises the issue as to whether his conduct was reckless, the charge should have been submitted.

V.T.C.A. Penal Code, Sec. 6.03(c), defines reckless conduct as:

"(a) A person acts recklessly, or is reckless, with respect to circumstances surrounding his conduct or the result of his conduct when he is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur. The risk must be of such a nature and degree that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint."

The appellant's testimony was sufficient to raise an issue as it tends to show that he consciously disregarded the risk that someone would observe him. The statutory description of the risk disregarded as "a gross deviation from the standard of care that an ordinary person would exercise" is appropriate to this case.

We hold that the appellant was entitled to a jury charge on indecent exposure and the trial court's refusal to submit such a

charge over appellant's objection constitutes reversible error.

The judgment is reversed and the cause remanded.