cr5-310.dd.garrett 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00310-CR







Robert Adrian Garrett, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT


NO. 94-838-K368, HONORABLE BURT CARNES, JUDGE PRESIDING







PER CURIAM



 Robert Adrian Garrett was convicted on two counts of indecency with a child and
sentenced to concurrent fifteen- and seven-year prison terms. See Tex. Penal Code Ann.
§ 21.11(a) (West 1994). He contends by one point of error that the trial court should have
charged the jury on the lesser-included offense of indecent exposure. We must decide whether
a rational jury could find that a teenaged boy who masturbated behind a closed bathroom door in
a private home was reckless about whether another person would see him and be alarmed or
offended. We will hold that no rational jury could. We will affirm the judgment.

 The seventeen-year-old Garrett was living temporarily with the victim, her brother
and sister, and her parents. The girls shared a room and Garrett and the son shared a room; the
children and Garrett shared an upstairs bathroom. The victim said the incident occurred one
afternoon when she came home from school and found Garrett at home. She described a series
of events culminating in Garrett forcing her to touch his penis, pulling her onto his lap atop his
exposed penis, kissing her cheek, and extracting a promise that she would not tell her parents. 
After he left the house that afternoon, she drew pictures of the incident for her parents.

 Garrett contends that his testimony raised the elements of indecent exposure. A
court must charge the jury on a lesser offense in addition to the charged offense if (1) the lesser
offense is included within the proof necessary to establish the offense charged and (2) some
evidence exists in the record that would permit a jury rationally to find the defendant guilty, if at
all, of only the lesser offense. Rousseau v. State, 855 S.W.2d 666, 673 (Tex. Crim. App. 1993). 
In reviewing the trial-court's decision not to give the instruction, we must review all of the
evidence presented at trial. Id. The State concedes the first part of the test, so we review only
whether there was evidence that Garrett was guilty only of indecent exposure. Indecent exposure
occurs if a person "exposes his anus or any part of his genitals with intent to arouse or gratify the
sexual desire of any person, and he is reckless about whether another is present who will be
offended or alarmed by his act." Tex. Penal Code Ann. § 21.08(a) (West 1994). Indecency with
a child occurs when a person, with a child younger than 17 and not his spouse, 



(1) engages in [any touching of the anus, breast, or any part of the genitals of
another person with intent to arouse or gratify the sexual desire of any person] with
the child; or (2) exposes his anus or any part of his genitals, knowing the child is
present, with intent to arouse or gratify the sexual desire of any person.



Tex. Penal Code Ann. § 21.11(a) (West 1994).

 Garrett testified that he left work about 3:00 p.m. and rode his bicycle home to
change clothes. Finding no one home, he took a pornographic magazine into an upstairs bathroom
to masturbate. He closed the door to the bathroom, but could not recall whether the latch caught. 
He did not lock the door. He knew that the girls used the bathroom, but was unconcerned because
he found no one at home. Garrett said he chose not to masturbate in his room because of a large,
uncurtained window there. Garrett testified that the victim walked into the bathroom while he was
masturbating. He stopped, pulled up his shorts, told her to leave, threw the magazine under the
sink, picked up some cards, and left the house.

 Other witnesses at the guilt/innocence phase of the trial included a sheriff's
investigator and the victim's mother. The investigator testified that Garrett initially denied the
incident and denied seeing the girls on the day of the incident except in passing as he left the
house; when confronted with the victim's drawings, he gave a statement that his testimony
mirrored. The victim's mother testified that she found no pornographic magazines in her house. Under Garrett's version, the only dispute is whether he was reckless; he conceded
that the victim probably saw his exposed genitals, which he undisputedly had uncovered with the
intent to satisfy his own sexual desire. A person is reckless 



when he is aware of but consciously disregards a substantial and unjustifiable risk
. . . that the result will occur. The risk must be of such a nature and degree that
its disregard constitutes a gross deviation from the standard of care that an ordinary
person would exercise under all the circumstances as viewed from the actor's
standpoint.



Tex. Penal Code Ann. § 6.03(c) (West 1994). Garrett argues that he was reckless to masturbate
in a bathroom that he knew the girls used. He contends he was also reckless in not ensuring that
the door was closed or locked at a time when he knew that the girls would be returning from
school.

 We conclude, however, that the evidence did not raise an issue regarding the
element of recklessness. His version of events did not reflect the level of disregard for others'
presence and sensibilities as a man who masturbated in a car on a public street. See Briceno v.
State, 580 S.W.2d 842 (Tex. Crim. App. 1979). Briceno admitted masturbating in his car on a
public street, but denied knowing that two teenaged girls could see him; this knowledge is a
critical distinction between indecency with a child and indecent exposure. See id. at 843. The
court held that the man's choice of location raised the issue of recklessness. Id. at 844. By
contrast, Garrett said he masturbated in what he thought was an empty house behind the closed
door of a room without exposed windows. Leaving the windowed bedroom and closing the
bathroom door in an "empty" house show a conscious regard for risk rather than the opposite
required under the Penal Code. We do not define the exact parameters of the standard of care for
teenaged boys masturbating in the bathrooms of private homes; we hold only that, as a matter of
law, Garrett's testimony does not show reckless behavior. Because a rational jury could not have
found him reckless, it could not have convicted him of indecent exposure, and the court did not
err by refusing to charge the jury on that offense.

 We overrule the sole point of error and affirm the judgment.


Before Justices Powers, Jones and B. A. Smith

Affirmed

Filed: July 31, 1996

Do Not Publish



unger than 17 and not his spouse, 



(1) engages in [any touching of the anus, breast, or any part of the genitals of
another person with intent to arouse or gratify the sexual desire of any person] with
the child; or (2) exposes his anus or any part of his genitals, knowing the child is
present, with intent to arouse or gratify the sexual desire of any person.



Tex. Penal Code Ann. § 21.11(a) (West 1994).