COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS









EX PARTE: MANUEL AMADOR.
§


 


§


 


§


 


§


 


§


 


 § 



No. 08-07-00331-CR




Appeal from the



409th District Court



of El Paso County, Texas



(TC#20070D01589)


O P I N I O N


 This is an appeal from the court's denial of a pretrial writ of habeas corpus. We affirm.

I. SUMMARY OF THE EVIDENCE


 On September 25, 2006, the State charged Appellant with the misdemeanor offense of
indecent exposure. The complaint alleged in pertinent part:

 [O]N OR ABOUT 22ND DAY OF SEPTEMBER, 2006 IN THE COUNTY
OF EL PASO, STATE OF TEXAS, MANUEL AMADOR, HEREINAFTER
REFERRED TO AS DEFENDANT, DID THEN AND THERE, WITH INTENT
TO AROUSE AND GRATIFY THE SEXUAL DESIRE OF THE DEFENDANT,
INTENTIONALLY AND KNOWINGLY EXPOSE HIS GENITALS, AND THE
DEFENDANT WAS RECKLESS ABOUT WHETHER ANOTHER WAS
PRESENT WHO WOULD BE OFFENDED AND ALARMED BY HIS ACT IN
THAT DEFENDANT WAS RUBBING HIS GENITALS IN A PUBLIC PARK,
AND GABRIELA ACOSTA, WAS PRESENT AND OFFENDED OR ALARMED
BY SAID ACT OF EXPOSURE . . . (emphasis in original).



 Appellant pleaded guilty to the misdemeanor charge and was sentenced to 120 days
confinement.

 On April 12, 2007, Appellant was indicted for two counts of the third-degree felony offense
of indecency with a child by exposure. The indictment alleged in relevant part:

 [Count I] [O]n or about the 22nd day of September, 2006 and anterior to the
presentment of this indictment, in the County of El Paso and State of Texas,
MANUEL AMADOR, hereinafter referred to as Defendant, did then and there
with the intent to arouse or gratify the sexual desire of the said Defendant,
intentionally and knowingly expose any part of Defendant's genitals to [G.T.], a
child who was then and there younger than 17 years of age and not defendant's
spouse, knowing that said child was present . . . (emphasis in original).


 [Count II] [O]n or about the 22nd day of September, 2006 and anterior to
the presentment of this indictment, in the County of El Paso and State of Texas,
MANUEL AMADOR, hereinafter referred to as Defendant, did then and there
with the intent to arouse or gratify the sexual desire of the said Defendant,
intentionally and knowingly expose any part of Defendant's genitals to [K.T.], a
child who was then and there younger than 17 years of age and not defendant's
spouse, knowing that said child was present . . . (emphasis in original).


 Appellant filed an application for a pretrial writ of habeas corpus on September 6, 2007. A
hearing on the writ was held on September 9, 2007. The record from that hearing indicates that on
September 22, 2006, Gabriela Acosta and a woman named Baez went to Houston Park located in
El Paso, Texas. Acosta was accompanied by her daughter and son, and Baez was accompanied by
her daughter. They related that as they went toward the playground part of the park, Acosta and Baez
saw Appellant standing near a tree about fifty to sixty feet away. His penis was out from the zipper
of his pants, and he was rubbing it. As they did not want the children to see this activity, they took
them away from the playground area. Acosta tried to flag down a passing patrol vehicle, but the
officer did not see her. Appellant put his penis back into his pants and walked toward a nearby park
bench. Acosta called the police, and Appellant was subsequently located on the park bench and
detained.

 At the close of the hearing, the court took the matter under advisement, and on November
6, 2007, the court signed a written order denying Appellant's writ application.

II. DISCUSSION


 In Appellant's sole issue, he maintains that the court erred in denying his writ of habeas
corpus because the prosecution for the indecency with a child by exposure cases is barred by the
Double Jeopardy Clause. Specifically, Appellant contends that indecent exposure is a lesser-included offense of indecency with a child by exposure; therefore, as he was prosecuted and
convicted of indecent exposure, he cannot be prosecuted for indecency with a child arising out of
the same facts and circumstances.

 The State counters that indecent exposure is not a lesser-included offense of indecency with
a child by exposure. Alternatively, even if indecent exposure can be a lesser-included offense of
indecency with a child by exposure, the two charges each contain allegations specifying facts and
circumstances unique to each offense, such that Appellant was charged with two separate offenses,
each requiring proof the other did not.

 In reviewing the trial court's decision to grant or deny habeas corpus relief, we view the facts
"in the light most favorable to the trial judge's ruling and should uphold it absent an abuse of
discretion." Ex parte Wheeler, 203 S.W.3d 317, 324 (Tex.Crim.App. 2006). We afford the same
amount of deference to the trial court's application of the law to the facts if the resolution of the
ultimate questions turns on an evaluation of credibility and demeanor. See Ex parte Peterson, 117
S.W.3d 804, 819 (Tex.Crim.App. 2003). If the resolution of the ultimate questions turns on an
application of legal standards, we review the determination de novo. Id.

 The Fifth Amendment to the United States Constitution provides that no person shall "be
subject for the same offence to be twice put in jeopardy of life or limb . . . ." U.S. Const. amend.
V. This guarantee applies to the states through the Due Process Clause of the Fourteenth
Amendment. Benton v. Maryland, 395 U.S. 784, 794, 89 S.Ct. 2056, 2062, 23 L.Ed.2d 707 (1969). 
Likewise, article I, section 14 of the Texas Constitution provides that "[n]o person, for the same
offense, shall be twice put in jeopardy of life or liberty, nor shall a person be again put upon trial for
the same offense, after a verdict of not guilty in a court of competent jurisdiction." Tex. Const. art.
I, § 14. Both provisions protect against three distinct abuses: (1) a second prosecution for the same
offense after an acquittal; (2) a second prosecution for the same offense after conviction; and (3)
multiple punishments for the same offense. United States v. Dixon, 509 U.S. 688, 695-96, 113 S.Ct.
2849, 2855, 125 L.Ed.2d 556 (1993) (citing North Carolina v. Pearce, 395 U.S. 711 (1969)). The
Court of Criminal Appeals has held that the state and federal double jeopardy provisions are
"conceptually identical." See Stephens v. State, 806 S.W.2d 812, 814-15 (Tex.Crim.App. 1990),
cert. denied, 502 U.S. 929, 112 S.Ct. 350, 116 L.Ed.2d 289 (1991); Phillips v. State, 787 S.W.2d
391, 393 n.2 (Tex.Crim.App. 1990). Therefore, the Texas constitutional guarantee against double
jeopardy does not afford greater protection than the federal double jeopardy provision. See Stephens,
806 S.W.2d at 814-15; Phillips, 787 S.W.2d at 393 n.2.

 In United States v. Dixon, the Supreme Court reinstated the "same-elements" test to
determine whether a prosecution violates constitutional protections against multiple punishments
or successive prosecutions. See Dixon, 113 S.Ct. at 2856 (overruling "same-conduct" test of Grady
v. Corbin, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990)). Under the same-elements test,
we examine the elements of the two offenses to determine whether each requires proof of an
additional element that the other does not. Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct.
180, 76 L.Ed. 306 (1932).

 After the Supreme Court decided Dixon, the Texas Court of Criminal Appeals reexamined
what is meant by "same elements." See Parrish v. State, 869 S.W.2d 352, 354-55 (Tex.Crim.App.
1994). In Parrish, the Court concluded that the same-elements test under Dixon requires more than
a comparison of statutory elements; rather, the essential elements relevant to a jeopardy inquiry are
those of the charging instrument, not of the penal statute itself. Statutory elements will, of course,
always make up a part of the accusatory pleading, but additional nonstatutory allegations are
necessary in every case to specify the unique offense with which the defendant is charged. Id. at 354.
Critical elements of an accusatory pleading, such as time, place, identity, manner and means,
although not statutory, are germane to whether one offense includes another under Texas law and
to whether several offenses are the same for double jeopardy purposes. Id.

 In some instances, it is appropriate to consider whether the offense of indecent exposure can
be a lesser-included offense of indecency with a child by exposure. See Briceno v. State, 580 S.W.2d
842, 842-44 (Tex.Crim.App. 1979). In Briceno, the defendant testified that he was masturbating in
his automobile but did not know that two girls, fourteen and fifteen years old, were present. His
testimony raised the issue as to whether his conduct was reckless, and hence the trial court's refusal
to submit the charge on the lesser-included offense of indecent exposure constituted reversible error. 
The court held that the elements of indecency with a child and indecent exposure are identical except
that indecency with a child requires defendant know that a child is present whereas indecent
exposure requires that defendant is reckless as to the presence of another person. We note that
Briceno was not a case involving a double jeopardy issue involving two separate charges; as such,
it does not apply in this case. Our examination of the elements of the charged offenses set out in the
charging instruments reveals that although some elements are the same, each charging instrument
sets out allegations specifying facts and circumstances that are unique to the offense charged. We
find that because each charge requires proof of a necessary fact that the other does not, two separate
offenses were charged.

 In the indecent exposure case, the complaint alleges that Appellant exposed his genitals
recklessly and another person, Gabriela Acosta, was present, who would be offended and alarmed
by such act. However, the counts in the indictment in the indecency with a child by exposure case
allege that Appellant exposed his genitals knowing that G.T. and K.T., children under the age of 17
years, were present. The indecent exposure case did not require the State to prove that Appellant
exposed himself knowing that children under the age of 17 years were present, and the indecency
with a child case does not require the State to prove that Appellant exposed himself and was reckless
about another's presence, Gabriela Acosta, a person who would be alarmed or offended by the
exposure. As each case required proof of facts and circumstances that the other did not, we find that
the two charging instruments do not charge the same offense. Accordingly, we hold that the offense
of indecent exposure and the offense of indecency with a child by exposure as set out in the charging
instruments are not the same offense and thus, the successive prosecution for indecency with a child
is not barred by the Double Jeopardy Clause. See Wilson v. State, 248 S.W.3d 256, 258-59
(Tex.App.-Houston [1st Dist.] 2007, pet. dism'd). Appellant's sole issue is overruled.

III. CONCLUSION


 We affirm the trial court's judgment.



 GUADALUPE RIVERA, Justice

April 30, 2009


Before Chew, C.J., McClure, and Rivera, JJ.


(Do Not Publish)