

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-1072-09

## EX PARTE MANUEL AMADOR, Appellant

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### IN CAUSE NO. 08-07-00331-CR FROM THE EIGHTH COURT OF APPEALS
### EL PASO COUNTY

**HOLCOMB, J., delivered the opinion of the Court, in which MEYERS, PRICE, JOHNSON and COCHRAN, JJ. joined. COCHRAN, J., filed a concurring opinion. KELLER, P.J., filed a dissenting opinion, in which KEASLER and HERVEY, JJ., joined. WOMACK, J., dissented.**

## O P I N I O N

The question presented in this case is whether double jeopardy prohibits the State from obtaining a conviction for an offense when the defendant has previously been convicted of a lesser-included offense of that offense. We hold that it does. We must also determine the continuing validity of our holding in *Briceno v. State*, 580 S.W.2d 842 (Tex. Crim. App. 1979), that the offense of indecent exposure[1] is a lesser-included offense of the offense of indecency with a child by

---

[1] TEX. PEN. CODE § 21.08.

exposure.[2]  *Id.* at 844.  We reaffirm that holding.

*Background*

On September 25, 2006, appellant Manuel Amador was charged with the misdemeanor offense of indecent exposure.[3]  The record shows the following facts.  On September 22, 2006, Gabriela Acosta and a woman named Baez went to Houston Park in El Paso, Texas.  They were accompanied by Baez's daughter, and Acosta's son and daughter.  As the ladies approached the playground portion of the park, they saw appellant standing near a tree, about fifty to sixty feet away from them.  They noticed that appellant's penis was out from the zipper of his pants, and that he was rubbing it.  They immediately took the children away from the playground area in order to prevent them from seeing what appellant was doing.  Acosta called the police.  By the time they arrived, appellant had put his penis back into his pants and was sitting on a nearby bench where the police found and detained him.  Appellant pled guilty, waived a jury trial, and was sentenced to 120 days confinement in the El Paso County Jail.

A few months later, on April 12, 2007, appellant was indicted for two counts of the third-

---

[2] TEX. PEN. CODE § 21.11 (a)(2)(A).

[3]

The information alleged that, on or about September 22, 2006, appellant,

did then and there, with intent to arouse and gratify the sexual desire of **the Defendant**, intentionally and knowingly expose **his genitals**, and the Defendant was reckless about whether another was present who would be offended and alarmed by his act in that **Defendant was rubbing his genitals in a public park,** and **Gabriela Acosta,** was present and offended or alarmed by said act of exposure.

(Emphasis in original.)

degree felony offense of indecency with a child by exposure.[4] Appellant filed an application for a pretrial writ of habeas corpus, arguing that indecent exposure is a lesser-included offense of indecency with a child by exposure, and that double jeopardy therefore barred his prosecution for the indecency-with-a-child charges because those charges were based on the same act on which his 2006 conviction for indecent exposure was based. The trial court conducted a hearing and signed a written order denying relief on appellant's writ application.

Appellant appealed the trial court's denial of relief on his writ application. His sole issue on appeal was that indecent exposure is a lesser-included offense of indecency with a child by exposure, and that the Double Jeopardy Clause of the United States Constitution barred his current prosecution for indecency with a child by exposure because that prosecution was based on the same act on which his 2006 prosecution and conviction for indecent exposure was based. The court of appeals disagreed, and affirmed the trial court's judgment. *Ex parte Amador*, No. 08-07-00331-CR, 2009 Tex. App. LEXIS 2953 (Tex. App.— El Paso, April 30, 2009) (not designated for publication). We granted review solely to consider whether "the Double Jeopardy Clause of the United States Constitution bars a subsequent prosecution for the offense of indecency with a child after a plea to the lesser-included offense of indecent exposure."

---

[4] Count One of the indictment alleged that, on or about September 22, 2006, appellant "did then and there with the intent to arouse or gratify the sexual desire of **the said Defendant**, intentionally and knowingly expose **any part of Defendant's genitals** to [**G.T.**], a child who was then and there younger than 17 years of age and not defendant's spouse, knowing that said child was present." (Emphasis in original.) Count Two alleged that appellant, on the same date, "did then and there with the intent to arouse or gratify the sexual desire of **the said Defendant**, intentionally and knowingly **expose any part of Defendant's genitals** to [**K.T.**], a child who was then and there younger than 17 years of age and not defendant's spouse, knowing that said child was present." (Emphasis in original.)

*I. Double Jeopardy: General Principles*

The Double Jeopardy Clause of the Fifth Amendment, applicable to all states through the Fourteenth Amendment, protects an accused against (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense. *Brown v. Ohio*, 432 U.S. 161, 165 (1977); *Evans v. State*, 299 S.W.3d 138, 140-41 (Tex. Crim. App. 2009). The present case involves a second prosecution for the same offense after conviction. In this context, "the Fifth Amendment forbids successive prosecution and cumulative punishment for a greater and lesser included offense." 432 U.S. at 169. The "sequence" of such prosecution – *i.e.*, whether the greater or the lesser offense is prosecuted first – is irrelevant. *Id.* The State may seek a multiple-count indictment against a defendant based on violations of different statutes arising from a single act; but, in the absence of a clear legislative intent to the contrary, the defendant may be convicted and sentenced for only one offense under such an indictment. *Ball v. United States*, 470 U.S. 856, 865 (1985).

*II. Application to the Present Case*

Appellant argues that the court of appeals "erred in holding that Petitioner's conviction for the lesser included offense of indecent exposure did not bar subsequent prosecution for indecency with a child" because "[t]his Court has specifically held [in *Briceno*] that indecent exposure is a lesser included offense of indecency with a child." App. PDR at 2. "Consequently," appellant argues, his "conviction for indecent exposure arising out of the same set of circumstances bars his prosecution for indecency with a child under the Double Jeopardy Clause of the United States Constitution." *Id.*

In reviewing this claim on appeal, the court of appeals acknowledged our holding in *Briceno*

that indecent exposure was a lesser-included offense of indecency with a child by exposure. 2009 Tex. App. LEXIS at *8. But it concluded that *Briceno* was inapplicable to the present case because it did not "involv[e] a double jeopardy issue involving two separate charges." *Id.*

In *Briceno*, appellant was convicted of indecency with a child by exposure. His sole contention on direct appeal was that "the trial court erred in failing to instruct the jury on the lesser included offense of indecent exposure." 580 S.W.2d at 843. Thus, the court of appeals is correct that *Briceno* did not involve a double jeopardy issue. But that does not reduce the effect of our express holding in that case that "the offense of indecent exposure . . . is a lesser included offense of indecency with a child" by exposure. 580 S.W.2d at 844. The Supreme Court has clearly stated that "the Fifth Amendment forbids successive prosecution and cumulative punishment for a greater and lesser included offense." *Brown,* 432 U.S. at 169. Thus, it is the state's classification that one offense is the lesser-included offense of another, and not the context in which such classification is made, that is relevant to the double-jeopardy analysis in a given case. The court of appeals therefore erred in failing to apply *Briceno* to the present case only because double jeopardy was not an issue in *Briceno* itself.[5]

---

[5] The court of appeals also erred in considering the charging instruments of both the greater and the lesser offenses in conducting its own lesser-included-offense analysis in the present case. *See* 2009 Tex. App. LEXIS at *8. As we explained in *Hall v. State*, 225 S.W.3d 524 (Tex. Crim. App. 2007), we do not consider the charging instrument of the alleged lesser-included offense in such analyses. Rather, we compare the statutory elements of the greater offense, as they have been alleged in the charging instrument of that offense, with only the statutory elements of the lesser-included offense. *Id.* at 535-36. We have reaffirmed this approach in several decisions following *Hall*. *See, e.g., Ex Parte Watson*, 306 S.W.3d 259, 273 (Tex. Crim. App. 2009) (op. on reh'g) ("Both statutory elements and any descriptive averments alleged in the indictment for the greater-inclusive offense should be compared to the statutory elements of the lesser offense.").

The State admits that the "[g]reater-inclusive and lesser-included offenses are the 'same offense' for double-jeopardy purposes." State's Br. at 6. It also admits that *Briceno* is the established precedent in Texas for the proposition that indecent exposure is a lesser-included offense of indecency with a child by exposure. *Id.* at 8. It "agrees with *Briceno* that the elements of both offenses [indecent exposure and indecency with a child by exposure] are identical except for the circumstances in which the exposure occurs."[6] *Id.* at 9. It argues, however, that "*Briceno* omitted from its analysis an element of indecent exposure – that the person to whom the exposure is directed be a person who would be offended or alarmed by the exposure." *Id.* According to the State,

> contrary to the holding in *Briceno*, the offense of indecent exposure requires more than just proof that the defendant is reckless as to the presence of another person . . . [It] requires proof that the defendant was reckless as to the presence of a person *who will be offended or alarmed by his (the defendant's) act*, a fact that is not needed to prove indecency with a child by exposure, which requires only the presence of a child. Proof that a child is present is not necessarily proof of the presence of a person

---

[6]

   In *Briceno*, we reasoned as follows:

> The elements of [indecent exposure and indecency with a child by exposure] are identical except that indecency with a child requires the defendant to *know* that a *child* is present, where indecent exposure requires that the defendant is *reckless* as to the presence of another *person*. Proof of this higher degree of culpability, knowing, is proof of the lower culpable mental state, reckless. V.T.C.A. Penal Code, Sec. 6.02(3). Proof that a child is present necessarily would be proof of the presence of a person. Thus, indecency with a child requires, in addition to proving all the elements of indecent exposure, a showing of the higher culpable mental state and that the person is a child.

> Article 37.09(1), V.A.C.C.P., provides that "An offense is a lesser included offense if: it is established by proof of the same or less than all the facts required to establish the commission of the offense charged." Thus, the offense of indecent exposure under Sec. 21.08, supra, is a lesser included offense of indecency with a child, Sec. 21.11, supra.

580 S.W.2d at 844 (emphasis in original).

who will be offended or alarmed by the defendant's exposure.

*Id.* at 10 (emphasis in original) (citations omitted). Based on this reasoning, the State asks us to overrule *Briceno* or distinguish it from the present case. *Id.* at 9.

We disagree. Ironically, the State itself argued a few years ago that "indecency with a child by exposure is merely an aggravated version of indecent exposure." *See Yanes v. State*, 149 S.W.3d 708, 711 (Tex. App.— Austin 2004, pet. ref'd). The State was correct in that instance. Indecency with a child by exposure is simply an aggravated version of indecent exposure inasmuch as, while the offense of indecent exposure requires the presence of a person who "will be offended or alarmed" by the defendant's act, *see* TEX. PEN. CODE § 21.08, the offense of indecency with a child by exposure, by not having any such requirement, holds the defendant culpable even if the person (the child) towards whom the exposure is directed is not "offended or alarmed" by the defendant's act. *See* TEX. PEN. CODE § 21.11. The law in effect presumes that all children are or should be "offended or alarmed" by such exposure. Thus, there is no need to require the State to show that a given child was in fact "offended or alarmed" by a defendant's act of exposure.[7]

Finally, we address some of the arguments raised by the dissent. The dissent "would hold

[7] The State raises a separate claim that "the cognate-pleadings test set forth in *Hall* is not, and should not be, the proper test in determining whether a successive prosecution is barred by double jeopardy." State's Br. at 19. It argues that "the proper test for a double-jeopardy claim in the context of a successive prosecution is the same-elements test set forth in *Blockburger* [*v. United States*, 284 U.S. 299 (1932),] and expanded by this Court in *Parrish* [*v. State*, 869 S.W.2d 352 (Tex. Crim. App. 1994)], which compares the statutory elements and all of the additional non-statutory descriptive averments in both [the] charging instruments" of the greater and the lesser-included offenses. *Id.* at 30. But the court of appeals did not even mention *Hall*; and we granted review, in part, to consider the continuing validity of *Briceno*, not *Hall*. We therefore decline to address the above arguments by the State except to note that *Hall* is the prevailing state standard, superceding all other tests before it, for conducting a lesser-included-offense analysis in any context. *See Hall*, 225 S.W.3d at 535.

that two counts of indecency with a child by exposure can be based upon a single exposure if there are two child victims." Dis. Op. at 1. But that is not the issue before us today. Neither party has raised this argument at any stage in this case – in the courts below or before this Court – and we granted review solely to consider the continuing validity of our holding in *Briceno* that indecent exposure is a lesser-included offense of indecency with a child by exposure. *See* Court's op. at 1-2. The dissent "would also hold that an indecent-exposure charge can be based upon the same exposure that gave rise to indecency-with-a-child counts so long as the defendant was reckless with respect to the presence of at least one person other than the child victims." Dis. Op. at 1. As we noted earlier, the Supreme Court allows the prosecution to seek a multiple-count indictment against a defendant based on violations of different statutes arising from a single act, but the defendant may be convicted and sentenced for only one offense under such an indictment. *See* Court's op. at 4 (citing *Ball*, 470 U.S. at 865). In other words, even though the State can charge the defendant with the greater and a lesser-included offense, the defendant cannot be convicted of and sentenced for both.

Thus, the only question before us today is whether indecent exposure is in fact a lesser-included offense of indecency with a child by exposure. According to the dissent, it is not because the statute for indecent exposure requires the presence of a person "who will be offended or alarmed," while the statute for indecency with a child by exposure does not. But the concept of offense or alarm is already incorporated in the term "indecency."[8] In fact, there would be no crime

---

[8] *See, e.g.,* WEBSTER'S NEW WORLD COLLEGE DICTIONARY 724 (4th ed. 2005) (defining "indecent" as "morally *offensive*; obscene," and "indecency" simply as "the state or quality of being indecent.") (emphasis added); WEBSTER'S NINTH NEW COLLEGIATE DICTIONARY 612 (1983)

(continued...)

if the defendant's act were not considered to be offensive or alarming by someone. In the case of indecency with a child, however, it is the society that is "offended or alarmed" by the fact that its children should be subjected to such exposure. The law therefore criminalizes such exposure in the presence of a child whether or not the child itself might have been offended or alarmed in a given case.

The dissent also argues that the *Briceno* holding that "reckless" in indecent exposure is a less culpable mental state of "knowing" in indecency with a child by exposure, is not applicable to the present case. *See* Dis. op. at 15 ("But this holding with respect to lesser-included-offense jury instructions, while highly relevant to a Double Jeopardy elements analysis, is not dispositive of the Double Jeopardy claim before us."). According to the dissent, our concern here is "not only with the elements of the statutory offenses, but also with units of prosecution." *Id.* In other words, the number of victims in the present case makes all the difference. But our Penal Code does not provide for such a distinction. Rather, for all offenses prescribing a culpable mental state, the Code simply and clearly states that "[c]ulpable mental states are classified according to relative degrees, from highest to lowest," with "knowing" ranking higher than "reckless" in the Code's measure of culpability. *See* TEX. PEN. CODE § 6.02.

*Conclusion*

Double jeopardy prohibits the State from obtaining a conviction for an offense if the defendant has previously been convicted of a lesser-included offense of that offense. *Brown,* 432 U.S. at 169. We reaffirm our holding in *Briceno* that indecent exposure is a lesser-included offense

---

[8](...continued)
(defining "indecent" as "grossly unseemly or *offensive* to manners or morals," and "indecency" – again – simply as "the quality or state of being indecent.") (emphasis added).

of indecency with a child by exposure. *See* 580 S.W.2d at 844. The court of appeals therefore erred in failing to apply that holding to the present case. We therefore reverse the judgment of the court of appeals, and remand the case to the trial court for proceedings consistent with this opinion.

DELIVERED: OCTOBER 13, 2010

PUBLISH