

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-1072-09

### Ex parte MANUEL AMADOR, Appellant

## ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
## FROM THE EIGHTH COURT OF APPEALS
## EL PASO COUNTY

**COCHRAN, J., filed a concurring opinion.**

## O P I N I O N

I do not think that this is a particularly difficult or complex issue. First, we have

previously held that indecent exposure is a lesser-included offense of indecency with a child

by exposure.[1] Second, we have previously held that double jeopardy principles prohibit

---

[1] *Briceno v. State*, 580 S.W.2d 842 (Tex. Crim. App. 1979) ("[T]he offense of indecent exposure . . . is a lesser included offense of indecency with a child"). This Court explained:

> The elements of these two offenses are identical except that indecency with a child requires the defendant to *know* that a *child* is present, where indecent exposure requires that the defendant is *reckless* as to the presence of another *person*. Proof of this higher degree of culpability, knowing, is proof of the lower culpable mental state, reckless. Proof that a child is present necessarily would be proof of the presence of a person. Thus, indecency with a child requires, in addition to proving all the elements of indecent exposure, a showing of the higher culpable mental state and that the person is a child.

*Id.* at 844 (citation omitted).

multiple punishments for both a greater and a lesser-included offense stemming from the same criminal act.[2]  Q.E.D.: A defendant cannot be convicted of indecent exposure for "wagging his weenie" at 9:00 a.m. in the local park and then later be prosecuted for that very same act of "wagging his weenie" by charging him with indecency with a child by exposure.

Both indecent exposure and indecency with a child by exposure are "circumstances of conduct" offenses.  The gravamen of each offense is exposing one's privates, with the intent to arouse or gratify anyone's sexual desire, under certain, specific circumstances: (1) recklessness about whether another person, who will be offended or alarmed, is present–indecent exposure; or (2) knowing that a child is present–indecency with a child. The person to whom the defendant exposes himself is not an element of the offense.[3]  Indeed, in both indecent exposure and indecency with a child, it is immaterial that no one–adult or child–actually saw the defendant's privates.  The offense is based on the defendant's actions

---

[2] *Langs v. State*, 183 S.W.3d 680, 685 (Tex. Crim. App. 2006) (stating that a multiple punishments double jeopardy claim can arise in two contexts: (1) "the lesser-included offense context, in which the same conduct is punished twice, once for the basic conduct, and a second time for that same conduct plus more," and (2) "punishing the same criminal act twice under two distinct statutes when the legislature intended the conduct to be punished only once"); *see also Brown v. Ohio*, 432 U.S. 161, 168-69 (1977) ("Whatever the sequence may be, the Fifth Amendment forbids successive prosecution and cumulative punishment for a greater and lesser included offense.").

[3] *Wallace v. State*, 550 S.W.2d 89, 91 (Tex. Crim. App. 1977); *State v. York,* 31 S.W.3d 798, 802 (Tex. App.– Dallas 2000, pet ref'd) (stating that "the names of the persons to whom [defendant] allegedly exposed himself are facts which are merely evidentiary in nature, and the State was not required to include them in the informations to give [defendant] notice of the charged offenses.").

and mental state, not the other person's comprehension.[4]

These are not result-oriented crimes and do not depend upon anyone–adult or child–suffering any harm through seeing a defendant's private parts. Indeed, with the offense of indecency with a child by exposure, the child only needs to be "present" during the offense. He or she or all twenty of them may be asleep, blind, reading a book, looking at the clouds in the sky, or whatever. The crime has been committed once the defendant exposes himself with the intent to arouse or gratify anyone's sexual desire while any child or any number of children happen to be "present."

Thus, if the defendant opens the door at the back of the first grade classroom and vigorously "wags his weenie" while all twenty-seven of the children are looking intently at Miss Manners at the front of the class who is reading a story about proper etiquette, the defendant has committed the offense of indecency with a child by exposure (as well as the offense of indecent exposure; the State may obtain a conviction for either one).[5] But he has committed one offense with one act, and it matters not whether no child saw him, five children saw him, or all twenty-seven saw him. He did it in their presence and that is the situation that the Legislature wanted to avoid and to deter by prohibiting the act of exposing

---

[4] *Metts v. State*, 22 S.W.3d 544, 547 (Tex. App.–Fort Worth 2000, pet. ref'd) (indecent exposure statute does not require that any person actually see defendant's genitals); *Uribe v. State*, 7 S.W.3d 294, 297 (Tex. App.–Austin 1999, pet. ref'd) (upholding conviction for indecency with a child by exposure although child did not see defendant's genitals).

[5] Miss Manners would, of course, be offended or alarmed by this act, and, we assume, that she actually saw or at least knew what the defendant was up to.

oneself with an intent of sexual gratification in the presence of any child.

For these reasons, I agree that this defendant may be convicted of only one offense of indecency–either indecent exposure or indecency with a child by exposure–with his one, single act of "wagging his weenie."  I join the majority opinion.

Filed: October 13, 2010
Publish