**Affirmed and Memorandum Opinion filed July 26, 2012.**



In The

# Fourteenth Court of Appeals

### NO. 14-11-00706-CR

**NHUT H. NGUYEN, Appellant,**

**V.**

**THE STATE OF TEXAS, Appellee.**

**On Appeal from the 262nd District Court**
**Harris County**
**Trial Court Cause No. 1267335**

## M E M O R A N D U M   O P I N I O N

A jury found appellant Nhut H. Nguyen guilty of aggravated assault and assessed punishment of 45 years' confinement in the Institutional Division of the Texas Department of Criminal Justice and a $5,000 fine. On appeal, Nguyen contends the trial court erred when it denied his request for a charge on the lesser offense of deadly conduct. We affirm.

I

Nguyen was approached to kill the complainant, Yvonne Stern, for $5,000.

Nguyen agreed to kill the complainant because he needed money to pay for repairs to his vehicle. He was provided a gun, a photo of the complainant, and a vehicle to use in the with which to commit the crime. He was also provided with directions to the complainant's home in Bellaire. Nguyen drove to the complainant's home and observed her for some time before approaching her.

On the night of April 15, 2010, the complainant was at home when she heard the doorbell ring. As she was about to open the glass-paneled door, Nguyen pointed the gun at her and shot through the glass. The complainant, fearing for her life and the safety of her children, jumped back and began screaming and crying. Nguyen fled, throwing the gun in the bushes nearby. The bullet from Nguyen's gun broke the glass, ricocheted off the wall, and hit the floor. Later, police located the gun, which appeared to be jammed.

II

In deciding whether the jury should have been charged on a lesser-included offense, we apply a two-prong test. *Sweed v. State*, 351 S.W.3d 63, 67 (Tex. Crim. App. 2011); *Hall v. State,* 225 S.W.3d 524, 528 (Tex. Crim. App. 2007); *Nickerson v. State,* 312 S.W.3d 250, 260 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd). First, we determine whether the offense is a lesser-included offense of the alleged offense. *Hall,* 225 S.W.3d at 535; *Nickerson,* 312 S.W.3d at 260. Second, we determine whether there is some evidence in the record that would permit a jury rationally to find that, if the defendant is guilty, he is guilty only of the lesser-included offense. *Hall,* 225 S.W.3d at 536; *Guzman v. State*, 188 S.W.3d 185, 188–89 (Tex. Crim. App. 2006). The evidence must establish the lesser-included offense as a valid, rational alternative to the charged offense. *Hall,* 225 S.W.3d at 536; *Nickerson,* 312 S.W .3d at 260. The evidence need not be particularly convincing; anything more than a mere scintilla of evidence will suffice. *Hall,* 225 S.W.3d at 536; *Nickerson,* 312 S.W.3d at 260.

The Texas Code of Criminal Procedure provides that "[i]n a prosecution for an offense with lesser included offenses, the jury may find the defendant not guilty of the

greater offense, but guilty of any lesser included offense." Tex. Code Crim. Proc. art. 37.08. It also states that an offense is a lesser-included offense if:

> (1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged;
>
> (2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission;
>
> (3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or
>
> (4) it consists of an attempt to commit the offense charged or an otherwise included offense.

Tex. Code Crim. Proc. art. 37.09. When the greater offense may be committed in more than one manner, the manner alleged will determine the availability of lesser-included offenses. *Hall,* 225 S.W.3d at 531.

A person commits the offense of assault if the person intentionally or knowingly threatens another with imminent bodily injury. Tex. Penal Code § 22.01(a)(2). Aggravated assault occurs if the person commits an assault under Section 22.01 and the person uses or exhibits a deadly weapon during the offense. Tex. Penal Code § 22.02. The indictment tracks this language, alleging Nguyen "intentionally and knowingly threaten[ed] Yvonne Stern with imminent bodily injury by using and exhibiting a deadly weapon, namely a firearm."

A person commits the Class A misdemeanor offense of deadly conduct when he "recklessly engages in conduct that places another in imminent danger of serious bodily injury." Tex. Penal Code § 22.05(a). Courts have held that the offense of deadly conduct, formerly known as "reckless conduct," *see Guzman*, 188 S.W.3d at 196 n.8, can be a lesser-included offense of aggravated assault when the assault is based on a threat of imminent bodily injury. *See Bell v. State*, 693 S.W.2d 434 (Tex. Crim. App. 1985); *Isaac v. State*, 167 S.W.3d 469, 474 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd); *Bynum v. State*, 874 S.W.2d 903, 907 (Tex. App.—Houston [1st Dist.] 2001, pet. ref'd). We

likewise conclude that in this case deadly conduct is a lesser-included offense of aggravated assault. The first prong of the test is satisfied.

Turning to the second prong, however, we conclude that here is no evidence in the record to support a finding that if Nguyen is guilty, he is guilty only of deadly conduct. Nguyen contends there was evidence from which the jury could reasonably conclude he was guilty only of deadly conduct because he never intended to harm the complainant, but only "aimed away from her" and thereby placed her in danger of imminent serious bodily injury.[1] All of Nguyen's evidence, however, shows he acted intentionally rather than recklessly, and therefore he cannot show that if he is guilty, his is guilty only of deadly conduct. *See Guzman*, 188 S.W.3d at 193–94; *see also Dixon v. State*, 358 S.W.3d 250, 259 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd) (holding deadly conduct charge not required when there was no evidence appellant lacked the intentional or knowing mental state).

Nguyen points to the following evidence to support his contention: (1) his statement to police; (2) the complainant's testimony that the bullet hole through the door was knee-high and hit the floor; (3) the firearms examiner's testimony that if a gun were aimed downward the bullet would follow that path; and (4) the testimony of the detective dispatched to the scene who opined that there was a direct line between the hole in the glass door and the gouge mark in the floor. Nguyen also states that "aiming a gun and

---

[1] Nguyen also argues that "[b]y proving the higher culpable mental state of intentional or knowing, proof of recklessness is necessarily established." To support this assertion, Nguyen cites to Penal Code section 6.02(e) and *Ex parte Amador*, 326 S.W.3d 202, 206 (Tex. Crim. App. 2010) (citing *Briceno v. State*, 580 S.W.2d 842, 844 (Tex. Crim. App. 1979). In *Amador*, the court reaffirmed its holding in *Briceno* that indecent exposure was a lesser-included offense of indecency with a child by exposure and went on to hold that the Double Jeopardy Clause of the U.S. Constitution bars a later prosecution for the greater offense after the defendant pleaded guilty to the lesser offense. *See Amador*, 326 S.W.3d at 208. The analysis Nguyen relies on, however, is directed to the first prong of the test rather the second prong, which focuses on whether the evidence actually presented would support a rational jury's finding of guilt based on the lesser offense. *See id.* at 208 (The only question before us today is whether indecent exposure is in fact a lesser-included offense of indecency with a child by exposure."); *Briceno*, 580 S.W.2d at 844 (noting that "[a] charge on a lesser-included offense does not have to be submitted to the jury unless there is evidence raising the issue of whether the defendant could be guilty of only the lesser offense").

firing through a glass door so that the glass might hit the complainant and scare her was a "conscious disregard of a substantial and unjustifiable risk."

Even if the jury discounted the complainant's testimony that Nguyen pointed the gun at her, however, the evidence Nguyen cites supports a finding of intentional or knowing conduct, not recklessness.[2] In his statement, Nguyen explained that he agreed to kill the complainant for $5,000 because he needed the money to repair his vehicle, but he insisted that he never intended to shoot her. He repeatedly stated he did not intend to aim at her; instead, he "aimed the gun to the side of the door" and "popped the window."[3] Nguyen explained that he if he had wanted to kill the complainant, he could have: "If I wanted . . . to try and kill her, I would have popped her right there, because I had eight bullets in my hand." Nguyen also maintained that he aimed for the glass so that the glass might hit the complainant and "scare" her. This and the other evidence of the bullet's trajectory are not evidence of reckless conduct, but rather a deliberate, intentional threat directed at the complainant. On this record, a jury could not rationally find Nguyen guilty only of the lesser-included offense of deadly conduct; therefore, the trial court did not err

---

[2] The Penal Code defines the relevant culpable mental states as follows:

> (a) A person acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result.
>
> (b) A person acts knowingly, or with knowledge, with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist. A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result.
>
> (c) A person acts recklessly, or is reckless, with respect to circumstances surrounding his conduct or the result of his conduct when he is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur. The risk must be of such a nature and degree that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint.

Tex. Penal Code § 6.03(a)–(c).

[3] Elsewhere in his statement, Nguyen said "I didn't try to kill nobody for $5,000 anyway. I just need the money, . . . I already know that I try to jack their money from the beginning anyway." He also stated that he only wanted to make some "noise" so that he could get the money.

by refusing the requested charge. *See Hall,* 225 S.W.3d at 536; *Guzman*, 188 S.W.3d at 193–94; *see also Donoho v. State*, 39 S.W.3d 324, 331 (Tex. App.—Fort Worth 2001, pet. ref'd) (holding appellant not entitled to instruction on misdemeanor deadly conduct when there was no evidence that he acted in any manner other than intentionally); *Franklin v. State*, 992 S.W.2d 698, 705 (Tex. App.—Texarkana 1999, pet. ref'd) (holding trial court did not err by refusing misdemeanor deadly conduct charge when all of the evidence showed appellant's conduct with reference to use of the weapon was intentional conduct).

We therefore overrule Nguyen's sole issue on appeal.

＊ ＊ ＊

We affirm the trial court's judgment.

/s/    Jeffrey V. Brown
Justice

Panel consists of Chief Justice Hedges and Justices Seymore and Brown.
Do Not Publish — TEX. R. APP. P. 47.2(b).

6