

IN THE
TENTH COURT OF APPEALS

No. 10-11-00337-CR

DONNIE LEROY KACHEL,

Appellant

v.

THE STATE OF TEXAS,

Appellee

From the 19th District Court
McLennan County, Texas
Trial Court No. 2011-198-C1

MEMORANDUM OPINION

A jury convicted Donnie Leroy Kachel of the offense of indecency with a child by exposure and assessed his punishment at sixty years confinement after finding the enhancement paragraphs to be true. We affirm.

**Background**

Katerina Jones testified that, on October 22, 2010, she arrived home from shopping with her then nine-year-old daughter at or a little before 8:00 p.m. When she got to the front porch her daughter said, "Mommy, there is a man, he's naked." Jones

turned around and saw a naked man, whom she later identified as Kachel, standing in the street. She panicked, went inside, and locked the door. Jones called 9-1-1 and peeked out the blinds. She stated that Kachel would walk around where his pickup truck was parked across the street from their home and that he would also walk in the street. Jones stated that Kachel clearly wanted her to see him and that he was touching his penis. Jones's husband's cousin eventually arrived at Jones's house and pulled into Jones's driveway. Kachel then left, and the police arrived shortly thereafter. Jones's daughter gave substantially similar testimony.

Waco Police Officer Daniel Kent testified that he soon located Kachel in the parking lot of the Flying J truck stop. Kachel was in the driver's seat of his truck trying to put on his clothes. When Officer Kent approached, Kachel had on a pair of shorts and socks. Officer Kent testified that he found women's underwear and a pornographic magazine in Kachel's truck. Officer Kent and Officer D.J. Adams both testified that Kachel's explanation for the incident was that he was changing clothes.

Don Marshall, an investigator with the McLennan County District Attorney's office, testified that he interviewed Kachel and that the interview was videotaped. A portion of the videotaped interview was admitted into evidence. In the interview, Kachel stated that he had stopped on the side of the road to change clothes. He saw the woman, but he did not see anyone else with her. When he saw the woman, he jumped into his truck and went to the Flying J. He was never exposed, and he had his underwear on at all times.

## Lesser-Included-Offense Instruction

In his first issue, Kachel contends that the trial court erred by refusing to include a requested jury-charge instruction on the lesser-included offense of indecent exposure.

We use a two-step analysis to determine whether an appellant was entitled to a lesser-included-offense instruction. *Hall v. State*, 225 S.W.3d 524, 528 (Tex. Crim. App. 2007); *Rousseau v. State*, 855 S.W.2d 666, 672-73 (Tex. Crim. App. 1993). First, the lesser offense must be a lesser-included offense of the charged offense as defined by article 37.09 of the Code of Criminal Procedure. *Moore v. State*, 969 S.W.2d 4, 8 (Tex. Crim. App. 1998); *see* TEX. CODE CRIM. PROC. ANN. art. 37.09 (West 2006). Second, there must be some evidence in the record that would permit a jury to rationally find that if the appellant is guilty, he is guilty only of the lesser offense. *Hall*, 225 S.W.3d at 536; *Salinas v. State*, 163 S.W.3d 734, 741 (Tex. Crim. App. 2005); *Rousseau*, 855 S.W.2d at 672-73. The evidence must be evaluated in the context of the entire record. *Moore*, 969 S.W.2d at 8. There must be some evidence from which a rational jury could acquit the appellant of the greater offense while convicting him of the lesser included. *Id.* The credibility of the evidence and whether it conflicts with other evidence or is controverted may not be considered in determining whether an instruction on a lesser-included offense should be given. *Young v. State*, 283 S.W.3d 854, 876 (Tex.Crim.App. 2009), *cert. den'd* 130 S.Ct. 1015 (2009).

The State acknowledges that indecent exposure is a lesser-included offense of indecency with a child by exposure. *Briceno v. State*, 580 S.W.2d 842, 844 (Tex. Crim. App. 1979); *see* TEX. PENAL CODE ANN. §§ 21.08(a), 21.11(a)(2)(A) (West 2011). Therefore,

the issue before us is whether any evidence exists in the record that would permit a rational jury to find that Kachel is guilty only of indecent exposure.

A person commits indecency with a child if, with a child younger than seventeen years and not his spouse, he exposes any part of his genitals, knowing the child is present, with intent to arouse or gratify the sexual desire of any person. *See* TEX. PENAL CODE ANN. § 21.11(a)(2)(A). A person commits indecent exposure if he "exposes . . . his genitals with intent to arouse or gratify the sexual desire of any person, and he is reckless about whether another is present who will be offended or alarmed by his act." TEX. PENAL CODE ANN. § 21.08(a). The elemental difference between these two offenses is that in the former the State must prove that the defendant knew that a child was present, and in the latter the State must prove that the defendant was reckless as to the presence of another person, whether a child or not. *See id.* §§ 21.08(a), 21.11(a)(2)(A); *Briceno*, 580 S.W.2d at 844.

A defendant's own testimony that he committed no offense, or testimony which otherwise shows that no offense occurred at all, is not adequate to raise the issue of a lesser-included offense. *Lofton v. State*, 45 S.W.3d 649, 652 (Tex. Crim. App. 2001). In *Bignall v. State*, the court held that if a defendant either presents evidence that he committed no offense or presents no evidence, and there is no evidence otherwise showing that he is guilty only of a lesser-included offense, then a charge on a lesser-included offense is not required. *Bignall v. State*, 887 S.W.2d 21, 23 (Tex. Crim. App. 1994). The evidence must establish that if a defendant is guilty, he is guilty only of the lesser included offense. *Lofton v. State*, 45 S.W.3d at 652.

Kachel's statements denying that he committed any offense were admitted as evidence. Kachel argues that he was entitled to an instruction on the lesser-included offense of indecent exposure because there was some evidence in the record that he did not know that the child was present when he exposed himself. In his statements, Kachel indicated that he only saw a woman; however, Kachel denied that he ever exposed himself. Kachel's statement that no offense occurred at all is not adequate to raise the issue of a lesser-included offense. *See Lofton v. State*, 45 S.W.3d at 652. The defense rested without presenting any evidence. There was no other evidence presented that Kachel was unaware that a child was present. The evidence does not establish that Kachel is guilty only of indecent exposure.

Because no evidence exists in the record that would permit a rational jury to find that Kachel is guilty only of indecent exposure, we cannot say that the trial court erred in denying Kachel's request for an instruction on the lesser-included offense of indecent exposure. *See Hall*, 225 S.W.3d at 536; *Salinas*, 163 S.W.3d at 741; *Rousseau*, 855 S.W.2d at 672-73. We overrule Kachel's first issue.

### Court-Appointed Attorney's Fees and Investigative Expenses

In his second issue, Kachel contends that he is indigent; therefore, the trial court erred in ordering him to pay court-appointed attorney's fees and investigative expenses as court costs.

In order to assess attorney's fees and investigator's fees as court costs, the trial court was required to determine that Kachel had financial resources that would enable him to offset in part or in whole the costs of legal services provided. *See* TEX. CODE

CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2012). The clerk's record reflects that, before trial, the trial court found that Kachel was indigent and appointed an attorney to represent him in this case. Once Kachel was initially found to be indigent, he is presumed to remain indigent for the remainder of the proceedings unless it was shown that a material change in his financial resources had occurred. *See id.* art. 26.04(p) (West Supp. 2012).

The State concedes that there is insufficient evidence to support the assessment of court-appointed attorney's fees and investigator's fees against Kachel. The trial court did not make any fact-findings or otherwise address Kachel's financial condition again before signing the judgment. Furthermore, after signing the judgment, the trial court appointed an attorney for purposes of appeal because Kachel desired to appeal his conviction but "[did] not have sufficient funds to employ an attorney." Therefore, we conclude that the evidence was insufficient for the trial court to have ordered Kachel to pay his attorney's fees and investigator's fees. *See Mayer v. State*, 309 S.W.3d 552, 555-56 (Tex. Crim. App. 2010).

The assessment of court costs in the trial court's judgment totals $6,778. The bill of cost establishes that $4,999 of this total are court-appointed attorney's fees and $1,000 of the total is a court-appointed investigator's fee. Accordingly, we sustain Kachel's second issue and modify the trial court's judgment by reducing the assessment of court costs by $5,999.

## Conclusion

We modify the trial court's judgment by reducing the assessment of court costs

by $5,999 for a total of $779.  We affirm the judgment as modified.


                                            AL SCOGGINS
                                            Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
      (Justice Davis dissenting)
Affirmed as modified
Opinion delivered and filed October 24, 2013
Do not publish
[CRPM]