Opinion issued June 7, 2012.


 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 

 


In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-11-00740-CR

———————————

Jeffrey Marlon Petersen, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 180th District Court

Harris County, Texas



Trial Court Case No. 1263316

 



 

MEMORANDUM OPINION

          A
jury convicted Jeffrey Marlon Petersen of aggravated assault against a public
servant and sentenced him to sixty years’ confinement. Petersen challenges his
conviction, arguing that the trial court improperly denied his request to instruct
the jury on resisting arrest as a lesser-included offense. We hold that the
trial court did not abuse its discretion by denying Petersen’s request for the
lesser-included-offense instruction. We therefore affirm the trial court’s
judgment.

Background

          A
routine traffic stop for an expired registration sticker evolved into an
incident in which, according to the State, Petersen drew a gun on Officer E.
Garza. The State charged Petersen with aggravated assault against a public
servant, asserting that Petersen intentionally and knowingly threatened Garza, whom Petersen
knew to be a public servant, with imminent bodily injury by using and
exhibiting a firearm, while Garza was lawfully discharging an official duty. At
trial, Petersen objected to the jury charge, requesting that the trial court
submit resisting arrest to the jury as a lesser-included offense. The trial
court overruled that objection. The jury convicted Petersen of aggravated
assault against a public servant. Petersen pleaded true to one enhancement, and
the jury assessed punishment at sixty years’ confinement.

Lesser-Included-Offense Instruction

We review the trial court’s decision regarding inclusion of
a lesser-included offense in the jury charge for abuse of discretion. Brock
v. State, 295 S.W.3d 45, 49 (Tex. App.—Houston [1st Dist.] 2009, pet. ref’d);
see Jackson v. State, 160 S.W.3d 568, 575 (Tex. Crim. App.
2005) (holding that trial court did not abuse its discretion in declining to
submit lesser-included offense to jury). Resisting arrest with a deadly weapon is
a lesser-included offense of aggravated assault against a public servant if (1)
it is established by proof of the same or less than all the facts required to
establish aggravated assault against a public servant; (2) it differs from
aggravated assault against a public servant only in the respect that it
requires a less serious injury or risk of injury to the same person, property,
or public interest; (3) it differs from aggravated assault against a public
servant only in the respect that it requires a less culpable mental state; or
(4) it consists of an attempt to commit aggravated assault against a public
servant or an otherwise included offense. See
Tex. Code Crim. Proc. Ann. art. 37.09 (West 2006). 

We apply a two-pronged “cognate-pleadings analysis” to
determine whether the trial court should submit a lesser-included offense to
the jury in a particular case. Hall v. State, 225 S.W.3d 524, 535–36 (Tex. Crim. App. 2007). To show that
the trial court erred in refusing his lesser-included-offense instruction under
this standard, Petersen must demonstrate that: (1) the elements of resisting
arrest are established by proof of the same or less than all of the facts
required to establish aggravated assault against a public servant and (2) some
evidence exists that would permit a rational jury to find the defendant guilty
of only resisting arrest and not aggravated assault against a public servant. See id.

To determine whether Petersen has satisfied the first prong
of this test, we compare the statutory elements of aggravated assault against a
public servant, as modified by the particular allegations in the indictment,
against the statutory elements of resisting arrest. Id. at 536. The indictment alleged that Petersen  “intentionally and knowingly threatened
[Garza] with imminent bodily injury . . . while [Garza] was lawfully
discharging an official duty, by using and exhibiting a deadly weapon, namely a
firearm, knowing that [Garza] was a public servant.” Cf. Tex. Penal Code Ann.
§ 22.01(a)(2), (b)(1) (West 2011) (defining elements of assault against public
servant); id. § 22.02(a)(2), (b)(2)(B)
(West 2011) (defining elements of aggravated assault). A person commits the
offense of resisting arrest if he (1) intentionally (2) prevents or obstructs
(3) a person he knows is a peace officer (4) from effecting an arrest, search,
or transportation of the actor or another (5) by using force against the peace
officer or another. Id. § 38.03(a) (West
2011). Resisting arrest is a third degree felony if the actor uses a deadly
weapon. Id. § 38.03(d). A comparison
of these elements demonstrates that Petersen cannot satisfy the first prong of
the cognate-pleadings test for a lesser-included-offense instruction. 

First, aggravated assault against a public servant, as
charged against Petersen, requires proof that Petersen threatened Garza with
imminent bodily injury, while resisting arrest requires proof that Petersen
actually used force against Garza. Compare
Tex. Penal Code Ann. §
22.01(a)(2), with id. § 38.03(a).
Thus, the offense of resisting arrest requires proof of at least one element
that is not within the facts necessary to prove aggravated assault against a
public servant, as charged against Petersen.[1]
See Dunklin v. State, 194 S.W.3d 14, 22 (Tex. App.—Tyler 2006,
no pet.) (holding that defendant convicted of aggravated assault against public
servant based on threatening police officer was not entitled to lesser-included-offense
instruction on resisting arrest, which required use of force); Potts v.
State, No. 03-05-00009-CR, 2006 WL 664211, at *4 (Tex. App.—Austin Mar. 17,
2006, pet. ref’d) (mem.
op., not designated for publication) (holding same and noting that “[t]he elements
of the two crimes are different. To prove resisting arrest, the State must
prove that there was a use of force. To prove aggravated assault by threat, the
State must prove that there was a threat of force.”); Schreyer v. State,
No. 05-03-01127-CR, 2005 WL 1793193, at *8 (Tex. App.—Dallas July 29, 2005,
pet. ref’d) (not designated for publication) (holding same and observing that “aggravated
assault requires proof that a public servant was only threatened with imminent
bodily injury; resisting arrest requires proof that a defendant used force
against a peace officer (i.e., prevented or obstructed his arrest)”); see also Miller v. State, 86 S.W.3d 663, 665 (Tex. App.—Amarillo
2002, pet. ref’d) (holding that resisting arrest is not lesser-included offense
of aggravated assault by threat against a public servant).

Second, to convict Petersen for resisting arrest, the State
would have to show that Garza was “effecting an
arrest, search, or transportation of the actor or another,” but the State did
not have to prove this element to prove the charged offense. Compare Tex. Penal Code Ann. § 22.01(a)(2), with id. § 38.03(a). To prove aggravated assault under the
State’s indictment against Petersen, the State only had to prove that Garza was
“‘lawfully discharging an official duty,’ which may or may not involve an
arrest.” Gilmore v. State,
44 S.W.3d 92, 96 (Tex. App.—Beaumont 2001, pet. ref’d) (holding that defendant
was not entitled to instruction on resisting arrest as lesser-included offense
of aggravated assault on this basis); see
also Dunklin, 194 S.W.3d at
22 (“resisting arrest required proof of two elements the aggravated assault did
not: (1) preventing or obstructing a peace officer from effecting an arrest and
(2) using force against the peace officer”); Garcia v. State, No. 01-05-01055-CR,
2006 WL 2885057, at *6 (Tex. App.—Houston [1st Dist.] Oct. 12, 2006, pet. ref’d) (mem. op., not designated
for publication) (holding that defendant was not entitled to instruction on
resisting arrest as lesser-included offense of assault and stating, “[R]esisting arrest requires that the officer be in the act of
making an arrest. Assaulting a public servant may occur at any time that the
public servant is conducting his official duty.”). The element of resisting
arrest is not within the facts necessary to prove aggravated assault against a
public servant, as charged against Petersen here.[2]


Thus, Petersen has not demonstrated that the elements of
resisting arrest are established by proof of the same or less than all of the
facts required to establish aggravated assault against a public servant, as the
State charged that offense against him. See
Hall, 225 S.W.3d at 535–36. Because
Petersen has not satisfied the first prong of the cognate-pleadings test for a
lesser-included-offense instruction, we need not reach the second prong. Cf. Lofton v. State, 45 S.W.3d 649, 651–52 (Tex. Crim. App. 2001) (holding
that defendant was not entitled to submission of resisting arrest as
lesser-included offense under second prong when State did not challenge first
prong). We overrule Petersen’s sole issue.




 

Conclusion

We hold that the trial court did not err in denying
Petersen’s requested instruction on resisting arrest as a lesser-included
offense. We therefore affirm the trial court’s judgment.

 

 

                                                                   Harvey
Brown

                                                                   Justice


 

Panel
consists of Justices Bland, Massengale, and Brown.

Do
not publish.   Tex. R. App. P. 47.2(b).











[1]
          Petersen argues that the
evidence at trial demonstrated that he produced a gun and engaged in physical
resistance with Garza and that such evidence establishes a “use of force”
against Garza. But we “do not consider the
evidence that was presented at trial” when applying the first step of the
cognate-pleadings test; “[i]nstead,
we consider only the statutory elements of [aggravated assault against a public
servant] as they were modified by the particular allegations in the indictment.”
Hall v. State, 225 S.W.3d 524, 536 (Tex. Crim. App. 2007). The question
at this stage of the analysis is not whether the State proved the elements of
the alleged lesser-included offense but whether the State had to do so to prove
the offense charged. 





[2]           Petersen argues that “[t]he evidence
that he committed aggravated assault knowing that Garza was a public servant lawfully
attempting to arrest appellant also establishes that he intentionally prevented
or obstructed Garza from effecting his arrest.” Again, we may not examine the
evidence at trial in analyzing the first prong of the cognate-pleadings test. Hall,
225 S.W.3d at 536.